[S. F. No. 7309.   Department Two.—August 8, 1917.]

## S. A. BORN, Respondent, v. A. E. CASTLE et al., Copartners, etc., Appellants.

VENDOR AND PURCHASER—RECOVERY OF DEPOSIT—MISTAKE.—A deposit paid on account of the purchase price of real property is recoverable on the ground of mistake where the same was paid to a purported agent under a contract whose terms the owner refused to approve, the deposit being accepted and retained by the owner under a different contract which he did approve, but as to which the purchaser had no knowledge until the trial of the action to recover the deposit on different grounds.

ID.—DELAY IN BRINGING ACTION—LACK OF LACHES.—The right to recover the deposit on the ground of mistake is not barred by laches where the purchaser honestly believed that the contract signed by him had been approved and was proceeding to enforce his right under that belief, when on evidence produced by the owner it was discovered by the plaintiff for the first time that the contract on which he was suing had never been executed by defendant.

ID.—ERRORS DURING TRIAL—RECORD—WHEN NOT REVIEWABLE.—Rulings of the trial court on the admission and exclusion of testimony will not be reviewed where the appellants only complain generally of them and merely point out where the exceptions relating to them may be found in the record.

ID.—PARTNERSHIP LIABILITY—EVIDENCE—UNWARRANTED JUDGMENT.— In an action brought against a partnership and an individual member of the firm to recover a sum of money paid on account of the purchase price of real property on the ground of mistake, a judgment against the partnership is unwarranted where the property stood of record in the name of the individual member and the deposit was taken and retained by him.

ID.—COSTS—PARTNERSHIP NOT ENTITLED.—The partnership in such an action is not entitled to its costs where it had knowledge that plaintiff believed that it was the owner of the property, and failed to advise plaintiff differently until the trial of the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Adolphus E. Graupner, Judge.

The facts are stated in the opinion of the court.

J. K. Johnson, for Appellants.

Randolph V. Whiting, for Respondent.

LORIGAN, J.—This is the second appeal taken in this action, which was brought to recover the sum of two thousand dollars paid by plaintiff in negotiations respecting the purchase of a lot of land in San Francisco. The original complaint was framed on the theory that a contract for the sale and purchase of the property had been entered into between defendants and plaintiff; that defendants had failed to comply with its terms and plaintiff was therefore entitled to the sum of two thousand dollars deposited by him with defendants at the time the alleged contract had been entered into between them. During the trial of the action under the original complaint, however, it was disclosed by evidence produced on the part of defendants that the contract alleged, and upon which plaintiff based his right of action, had never been executed by both parties; that while a form of contract for the sale and purchase of the property described had been prepared for signature by them both and the two thousand dollars sued for had been paid as a deposit by plaintiff to persons purporting to represent defendants as their agents and said sum paid over to defendants, still no contract had ever been executed between the parties, nor was any agreement ever reached between them respecting terms of sale and purchase of said property. In fact, it appeared clearly that the two thousand dollars involved in the action was paid by plaintiff and accepted by defendants through one purporting to act as agent of the latter under a misapprehension and mutual mistake of both parties upon the subject. When during the trial this condition appeared from the evidence, plaintiff moved the court for leave to file an amended complaint in conformity to this proof and setting up the facts showing such misapprehension and mutual mistake respecting the execution of a contract between them under which the deposit was paid. The court refused to grant plaintiff leave to do so, and after judgment for defendants plaintiff appealed, presenting thereon the correctness of the ruling of the trial court in denying his said application. The appeal was heard by the district court of appeal, which reversed the judgment, holding that the trial court should have allowed the filing of the amended complaint, and remanded the cause with directions to the lower court to allow plaintiff to do so. (*Born* v. *Castle*, 22 Cal. App. 282, [134 Pac. 347].) On remission to the trial court said amended complaint was filed, the cause

tried, and a judgment entered in favor of plaintiff. It is from this judgment and an order denying their motion for a new trial that the defendants take this appeal.

The substantial points made for a reversal are not many nor difficult of disposition. It is claimed that the finding of the court that there was a mutual mistake by both parties in believing that an acceptance had been made of certain terms of sale and purchase of the property, that a contract in writing had been executed by the parties embodying them, and the further belief that the payment of the money by plaintiff to defendant had been made in conformity with such an executed contract, was not justified by the evidence. But there can be no doubt on this subject. There is no substantial difference between the evidence presented on the first trial, which it was held on appeal clearly required allowing the filing by plaintiff on his motion of an amended complaint as to mutual mistake, and that presented on this second trial resulting in the finding that there was such mutual mistake and in awarding a judgment in his favor based upon it.

Recurring to that evidence briefly: It appears that Baldwin & Howell, real estate agents in San Francisco, had applied to defendants for written authorization to sell this property for them, which they refused to give, informing them, however, that the first real estate agency that came to them with a *bona fide* offer at a specified price might have the property for sale. On the same day that this application for authorization to sell was sought from defendants, an employee of said Baldwin & Howell called on the agent of plaintiff at the office of the latter with a view of effecting a sale to the plaintiff. The negotiations of these respective agents on the subject resulted in a form of contract being drawn up by them for their supposed parties principal, whereby it was agreed that plaintiff was to purchase the property for a sum specified in the prepared contract and to pay to defendants one thousand dollars as a deposit on account; that plaintiff was to have sixty days to examine title to the property and certain circumstances were specified respecting this examination of the title and respecting the title itself, under which the one thousand dollars was either to be returned to plaintiff or forfeited. The contract also contained a provision that it was made subject to the approval of the owners of the property. This form being thus prepared, the

employee of Baldwin & Howell negotiating the contract thereupon signed it for the defendants. The agent of plaintiff signed it in his behalf, and in conformity to its terms paid to the employee of Baldwin & Howell for the defendants the one thousand dollar deposit called for. Thereafter, and on the same day this contract was prepared and signed, it was presented by the said employee of Baldwin & Howell to the defendants at their office, and the one thousand dollars turned in there. Defendants, however, refused to approve or affirm the contract. Another agreement was prepared by them in its place as to the sale and purchase of the property differing from the first in this, that it required a deposit of two thousand dollars instead of one thousand dollars, and allowed only thirty days instead of sixty for an examination by plaintiff of the title to the property. While these were the only changes, they were, of course, changes in regard to material matters from the original contract. Defendant A. E. Castle, who claimed to be the sole owner of the property, immediately, with the assistance of other members of the firm then in the office thereof, prepared and then signed and approved this second contract as thus drawn and delivered it to the agent of Baldwin & Howell, as embodying his terms for the sale of the property. For some reason or other this contract was never delivered to the plaintiff or his agent nor presented for his approval by the employee of Baldwin & Howell who took it or anyone else, and in fact plaintiff never learned of the facts concerning the rejection of the first contract and the making or existence of the latter one until these matters were disclosed in the testimony produced by defendants upon the first trial, some four years thereafter. On the same day that these contracts were drawn and after the preparation of the second one the employee of Baldwin & Howell informed plaintiff that the defendants demanded a deposit of two thousand dollars instead of one thousand dollars, which the plaintiff forthwith made. This was the only information he did give him on the subject. He was not informed that there had been any other change in the contract originally signed or that it had not been approved by defendants or that any other contract had been drawn, but, on the contrary, was permitted to believe that in every other respect than the amount to be deposited the contract stood as originally drawn.

There can be no question but what the evidence established these facts, and as a clear result therefrom it is apparent that there never was any contract as to the sale and purchase of this property entered into between the parties; no consideration for the payment of the money by plaintiff nor justification for its receipt and retention by defendants. It was clearly a payment of money made under a mutual mistake of fact and which, under a familiar principle of law, plaintiff was entitled to recover back on discovery of the mistake. It is unnecessary to cite authorities to this proposition, which is not and cannot be questioned. It is further unnecessary to consider other evidence in the case bearing on the destruction of the records in the great fire of April 18, 1906, during the period specified in the contract for the examination of title, and its legal effect; the seasonableness of the demand of plaintiff for the return of the deposit and what the relation of the employee of Baldwin & Howell, who secured the second contract, was to the respective parties to this action in the obtaining of it. These matters would only be important in the event that there had been in fact a contract entered into between the parties plaintiff and defendants and under which the deposit was made. There was none. In fact, the action of plaintiff under his amended complaint was necessarily based on the theory of the nonexistence of such a contract and to recover a payment made in the honest but mistaken belief of both parties that one had been executed between them. As the evidence clearly supported this theory and the finding on it, it is immaterial to consider other evidence which might have been pertinent had a contract in fact been made.

It is further contended that the plaintiff was guilty of laches in bringing his action for the recovery of the deposit. This, of course, can only apply to the present phase of the action—the recovery of this money on the ground that it was paid to defendants by mutual mistake of the parties. But plaintiff honestly believed, as is apparent from the evidence, that the original contract had been entered into between himself and the defendants and was proceeding to enforce his right under that belief, when on evidence produced by the defendants it appeared to him for the first time during the trial that the contract on which he was suing had never been executed. The first that plaintiff learned of the mutual mis-

take concerning this execution of the contract was at that time. There was no fault on his part in failing to make the discovery earlier; the mistaken belief was induced by the conduct of the employee of Baldwin & Howell, who, at least after the second contract was delivered to him by defendant A. E. Castle, was the agent of defendant to communicate the fact of nonapproval of the first and the tender of the second contract in its place. Defendants, during the several years intervening between the bringing of this suit and its first trial, knew that plaintiff was depending in good faith upon the existence of a contract which they knew had never been made. No prejudice whatever resulted to them or any of them from the delay complained of. Under these circumstances there was no laches on the part of plaintiff. This was so held by the district court of appeal when the same point was made by defendants there in attempted justification of the ruling of the trial court·denying plaintiff leave to amend—a conclusion which was approved by this court in denying a rehearing in the case.

Complaint is made of a large number of rulings of the trial court on the admission and exclusion of testimony. But all that appellants do respecting these rulings is to complain generally of them and to point out where the exceptions relating to them may be found in the record. They do not assert in what respect the rulings are objectionable or make any argument concerning them. This being so, we will not examine points thus perfunctorily made. If counsel will not discuss them neither shall we. (*Pigeon* v. *Fuller*, 156 Cal. 702, [105 Pac. 976].)

The last point made is that the judgment is erroneous. The court entered judgment against the defendants as copartners under the firm name of Castle Brothers and against the defendant Albert E. Castle individually. It is claimed that the judgment against the copartnership was unwarranted, and we agree with appellants on this point. It is no doubt true that the agent of Baldwin & Howell and plaintiff's agent believed that the property belonged to the partnership when negotiations respecting it were first opened up and the original form of contract prepared and the one thousand dollars was turned in at the office of Castle Brothers by him when the employee of Baldwin & Howell went there with reference to an approval of the first contract. The property,

however, stood in the name of Albert E. Castle and the deposit paid in at the office of the partnership was taken by him and he still retains it. The partnership had nothing to do in the matter except as we shall mention presently. The judgment is therefore reversed so far as it runs against the partnership of Castle Brothers.

This reversal shall, however, be without costs to this appellant partnership because, while it did not own the property or receive the deposit money, its members knew that plaintiff and the employee of Baldwin & Howell believed that the partnership did own it; that they were conducting negotiations on that assumption, and that the deposit was paid into the office in the belief that the firm was the proper person to receive it; that the several members of the firm were called in and conferred with the employee of Baldwin & Howell as to the terms and conditions which Albert E. Castle inserted in the second contract; they all knew—the firm and A. E. Castle—that plaintiff believed the partnership to be the owner of the property and was suing it to recover the deposit, in the honest belief that the firm had signed the contract of sale and received the money, a belief of which at no time, under the pleadings or otherwise, until some time during the first trial, did the firm disabuse him. Under these circumstances we think it only fair that the partnership should bear the burden of any expense it may have been put to in this litigation.

The judgment and order in favor of plaintiff against A. E. Castle are affirmed with costs; the judgment and order against the partnership of Castle Brothers are reversed, without costs.

Henshaw, J., and Melvin, J., concurred.