[L. A. No. 6937. In Bank.—January 5, 1922.]

W. W. FRAZIER, Respondent, v. V. W. DAVID et al., Appellants.

[1] PROMISSORY NOTE — NONPAYMENT — SUFFICIENCY OF EVIDENCE.— In this action to recover on a promissory note executed in renewal of one about to become barred by the statute of limitations, wherein the only question was whether or not the original note had been paid, the finding that the obligation had not been discharged is held to be sufficiently supported by the testimony in the record, which includes evidence of the payment of interest regularly for several years on the renewal note.

[2] APPEAL—RULING ON EVIDENCE—REVIEW—INSUFFICIENT ARGUMENT. Alleged error in refusing a motion to strike out testimony of a witness will not be considered where the only argument in support of the contention is a mere reference thereto in the brief followed by the assertion that no citation of authority is required to establish the error.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kaye, Siemon & Abel and Kaye & Siemon for Appellants.

Wiley & Lambert, J. W. Wiley and R. B. Lambert for Respondent.

WASTE, J.—The plaintiff brought this action to recover on a promissory note for the sum of $1,337.10 executed in renewal of one about to become barred by the statute of limitations. He recovered judgment for the amount of the

note, unpaid interest and costs, and the defendants have appealed.

The original transaction between these parties grew out of the purchase of a tract of land belonging to the Kern County Land Company by the defendant V. W. David. Roland Greene held a contract of purchase of the land, which he had assigned to the plaintiff as security for the payment of a promissory note for the sum of one thousand six hundred dollars. Greene sold his interest in the contract and in the land, and in certain personal property to V. W. David for the sum of six thousand dollars. That sum was agreed to be paid in several items, one of which was a promissory note for one thousand three hundred dollars, executed by the defendant to plaintiff, and another a promissory note for one thousand six hundred dollars, also executed to the plaintiff by V. W. David and Roland Greene. The note for one thousand three hundred dollars not being paid, and the statute of limitations being about to run against its collection, the defendants executed the note here sued upon, and delivered it to the plaintiff. There was at that time some contention on the part of the defendants that the old note had been paid, and the renewal note was executed with the understanding and agreement between the parties that it was subject to any defense which might be asserted by the defendants to the original obligation. In due time the plaintiff brought this action to enforce payment. The only question in the case was whether or not the note had been paid. There was a very decided conflict in the evidence on that point and the lower court found that the obligation had not been discharged. It entered judgment for the plaintiff accordingly.

[1] We find no reason for disturbing the judgment of the lower court. There is testimony in the record, including evidence of the fact that for several years after its execution the defendants regularly paid the interest on the renewal note, which sufficiently supports the decision below. The record of the examination of the witnesses is not as clear as it might be, but the findings are full and explicit, and appear to correctly disclose the nature of the whole transaction between the parties.

The appellants complain of certain rulings of the trial court relating to the admission of evidence. The objections

are more technical than effective. The one most urgently stressed concerns the testimony of the witness J. W. Wiley, a witness for the plaintiff. V. W. David and Roland Greene secured a discharge from the one thousand six hundred dollar note held by the plaintiff by the execution of certain quitclaim deeds. The defendants claimed that the one thousand three hundred dollar note here in suit was settled and paid by the same transaction. Mr. Wiley, the attorney who arranged the details of the settlement, was called as a witness by the plaintiff, and testified as to what took place in his office. On cross-examination by appellants' counsel he was asked if "both these men" (Mr. David and Mr. Greene) were in his office at the same time. His answer was: "If I testify they were together and reached an agreement with them, I wouldn't be positive about that, but I know that I went into the matter with each of them and the only thing to be settled was that they were giving these quitclaim deeds in consideration of the one thousand six hundred dollar note of which Mr. Frazier took the assignment." Appellants' counsel asked that the answer be stricken out on the ground that it was the statement of a conclusion of the witness. The motion was denied. Appellants assign the ruling of the court as prejudicial error, arguing that the "conclusion" of the witness "that the only thing to be settled," by the giving of the quitclaim deeds, was the one thousand six hundred dollar note, is the only evidence in the record to the effect that the one thousand three hundred dollars was not paid, and that, consequently, it must follow that the trial court decided the case in favor of the respondent on this answer alone. We do not think it is necessary to discuss the question whether or not the portion of the answer objected to was or was not the statement of a conclusion. If a conclusion, it was the only one that could be reached, and the fact remains that it was a repetition of what the witness had already testified to, and no conceivable harm could have resulted to appellants by the refusal of the court to strike it out. (*People* v. *Hatch,* 163 Cal. 368–378, [125 Pac. 907].) Laying the answer aside from all consideration, the evidence in the case supports the finding and conclusion of the lower court.

On the cross-examination of the witness Wiley, it developed that at the time of the settlement arrived at between

the plaintiff, V. W. David, and Roland Greene, Mr. Wiley prepared some sort of an instrument in writing. Counsel for appellants thereupon moved to strike out all of Wiley's testimony pertaining to the subject of the settlement as not being the best evidence. The motion was denied. It was not made to appear then, or now, what was the nature of the writing, whether it embodied the terms of the agreement or was signed by the parties. Neither does it appear that the witness had testified to the contents of the writing. On the face of the record the ruling of the trial court was correct. **[2]** Furthermore, the only argument in appellants' brief in support of the contention that the ruling was erroneous is a reference to the incident followed by the assertion "it requires no citation of authorities to establish the error." Points thus made will not be considered.

The judgment is affirmed.

Richards, J., *pro tem.*, Lennon, J., Shurtleff J., Shaw, C. J., Sloane, J., and Wilbur, J., concurred.