[Sac. No. 3888. In Bank.—August 31, 1928.]

J. H. STARK et al., Respondents, v. ELEONORE E. HOEFT et al., Defendants; ELEONORE E. HOEFT, Appellant.

John T. Hennessy and Lynne Kelly for Appellant.

Dozier & Kimball for Respondents

THE COURT.—In this action, the trial court gave judgment upon the pleadings in favor of the plaintiffs and the defendant appealed from the judgment. The judgment was affirmed by the district court of appeal, third appellate district, Plummer, J., writing the opinion. Because of the

earnest insistence of appellant in her petition for a hearing by this court, that the district court of appeal had failed to notice certain allegations of her answer, the cause was ordered transferred to this court for further consideration. Upon a careful examination of the entire record, however, we adopt the opinion of the learned justice of the district court of appeal heretofore filed herein, as follows:

"Appellant filed an application for a United States patent to certain mining ground situate in Washington Mining District, Nevada County, State of California, located and known as Lucky Strike and Lucky Strike Extension mining claims. To this application the respondents filed a protest within the time as provided by law. In pursuance of said protest and in compliance with the law relating thereto, the plaintiffs began this action to quiet title to certain mining property claimed by the respondents and included within the exterior boundaries of the mining premises claimed by the appellant under her application for patent as the Lucky Strike and Lucky Strike Extension mining claims. The mining premises or claims alleged to be owned by the respondents bear the following names: Quartz and Asbestos, January Quartz, The Cotton King Asbestos Quartz, Asbestos Quartz and Lent Asbestos and Gold Mining claims. The right of possession to this mining ground appears to have been determined adversely to the appellant on January 2, 1920, by a judgment then entered in the superior court of Nevada county in an action where the respondents and their predecessors in interest were defendants, and where the appellant in this action was plaintiff. After the filing of the complaint in this action and the answer of the defendant thereto, the plaintiffs, by leave of the court, in a pleading called a supplemental complaint, set forth the fact of the entry of the judgment herein referred to, and that all proceedings relating to the settlement of a bill of exceptions to be used on appeal from said judgment had been dismissed. To this supplemental complaint the appellant filed a motion to strike out the whole thereof, and also certain paragraphs thereof, and also demurred thereto. Appellant's motion was denied and her demurrer overruled. Thereupon an answer was filed by the appellant to the supplemental complaint. After appellant's answer to respondents' sup-

plemental complaint had been filed in this action, the respondents moved the court, upon notice, for judgment on pleadings. The trial court granted judgment upon the pleadings in favor of the respondents herein. From this judgment the defendant appeals.

"The supplemental complaint sets forth the fact that a complaint in this action was filed in the office of the clerk of the superior court of Nevada county on the 19th day of January, 1924. That at the time of the filing of said complaint there was pending in the above entitled court the action to which we have herein referred, where the defendant in this action was plaintiff and the plaintiffs in this action were defendants; that said action was numbered 4726; that on the 19th day of January, 1924, there was pending and undetermined a proceeding instituted by the plaintiff therein to obtain a bill of exceptions on her appeal from the judgment theretofore duly rendered and entered in said action numbered 4726; that since the filing of the complaint in the above-entitled action, and on the 26th day of February, 1924, an order was duly made and entered in said action number 4726 that the said proceedings of the said plaintiff to obtain a bill of exceptions on appeal from said judgment in said action number 4726, be dismissed; that no appeal has been taken from said last-mentioned order dismissing said proceeding for bill of exceptions, and the said order has become, since the filing of the complaint herein, final, and is now a final order. The supplemental complaint then proceeds to allege the entry of judgment in action number 4726, wherein it is adjudged and decreed that the defendant in this action possessed no title or interest in and to the mining premises described therein which are alleged to be the same premises set forth and described in the defendant's answer in this action, and also set forth the fact that the defendant in this action was not entitled to have her claim or title to said premises quieted as against the plaintiffs in this action, and that the rights of the plaintiffs in this action to said premises are and were superior to the claim of the defendant herein, and that by reason of said judgment the defendant in this action is estopped from claiming or asserting any right, title or interest in or to said mining property.

"As stated herein, the defendant interposed a motion to strike out said supplemental complaint, and also certain portions thereof. This motion was denied. The defendant also demurred to said complaint, which demurrer was overruled. Thereupon the appellant herein filed her answer to said supplemental complaint. Upon this appeal it is first argued that the court erred in denying the appellant's motion to strike out the supplemental complaint filed by the respondents, as herein stated. ▪ An examination of the record, however, shows that no exception was taken by the defendant to the order of the court denying the defendant's motion to strike, and for this reason, if for no other, the alleged error of the court is not before us for determination.

"Section 647 of the Code of Civil Procedure specifies what action on the part of the trial court is excepted to. It may be stated further that the petition for leave to file a supplemental complaint and the order of the court granting leave to file a supplemental complaint, are not set forth in the transcript and therefore cannot be considered herein. By a reference to section 647 of the Code of Civil Procedure, which it is not necessary to set forth herein, it will be seen that in order to avail herself of any error upon the part of the court in relation to the order refusing to strike out the supplemental complaint, an exception should have been taken thereto. This matter was before the court in the case of *Davies* v. *Ramsdell*, 40 Cal. App. 424 [181 Pac. 94]. It was there held, quoting from the syllabus, 'An order refusing to strike out a pleading or a portion thereof is not an order deemed excepted to under section 647 of the Code of Civil Procedure; therefore, in order that the objection may be urged on appeal, an exception must be taken at the time the decision is made.'

"Appellant, in relation to the demurrers interposed by her, sets forth the following: Neither the demurrer to the original complaint, nor the demurrer to the so-called supplemental complaint, was waived by appellant's filing answers thereto, and the sufficiency of respondents' said pleading is now before this court for determination. (Citing *Reynolds* v. *Lincoln*, 71 Cal. 183 [9 Pac. 176, 12 Pac. 449], to the effect that a demurrer is not waived by filing an answer.) Appellant then continues: 'This applies to the special grounds of demurrer as well as to the general demurrer to

the supplemental complaint, which cannot, of course, be waived.'

"It has been frequently held that assignments of error of law committed in rulings made during the progress of the trial which are not discussed in appellant's brief, will not be examined or considered upon appeal, but it must be presumed that no error exists under such rulings. (*Bell* v. *Southern Pacific R. R. Co.*, 144 Cal. 560 [77 Pac. 1124]; *Pigeon* v. *Fuller*, 156 Cal. 691 [105 Pac. 976]; *Bourne* v. *Castle*, 175 Cal. 680 [167 Pac. 138]; *Frazier* v. *David*, 187 Cal. 724 [204 Pac. 17].) Notwithstanding that there has been no discussion of the alleged errors and no reason pointed out showing merit in appellants' demurrer, we have examined this complaint in this action and also the supplemental complaint, or the paper called the supplemental complaint. It satisfactorily appears from the plaintiffs' complaint that the complaint in this action substantially follows and sets forth all the facts necessary to constitute a cause of action entitling the plaintiffs to maintain the same in an action to determine their title thereto and any adverse claims of the defendant. The complaint sets forth the location of the mining claim, posting notices, recording notices that the plaintiffs are citizens of the United States, and also alleges ownership of the property. None of these matters are subject to a motion to strike out for redundancy, nor does their presence in the complaint limit or control the allegation of ownership. The objection is made that the plaintiffs have in their pleading set forth their deraignment of title, and that the deraignment of title so set forth is contrary to the allegation of ownership. ▇ Some of the cases cited by appellant, such as *Altoona Q. M. Co. v. Integral Q. M. Co.*, 114 Cal. 105 [45 Pac. 1047], do state that in an action to quiet title, plaintiff is not bound to show the source of his title in the complaint, but as respondents herein say, such a holding is far 'from deciding that such special facts should be stricken out from the complaint, or that such facts limit or controvert an allegation of ownership. It would serve no useful purpose to set forth extensively the allegations of the complaint herein, and we will content ourselves with saying that the complaint complies with the text found in Lindley on Mines, section 754, page 833, third edition, and the cases there cited.

"It is next urged that under section 464, Code of Civil Procedure, a supplemental complaint is improper herein, and must be disregarded. That the facts set forth in the supplemental complaint should have been pleaded in the original complaint. We are inclined to the opinion that the paper styled a supplemental complaint should have been filed as, and named an amendment to the original complaint. It is not quite certain from the pleadings as to whether there was or was not any appeal pending in action number 4726, referred to in the pleadings; the supplemental complaint simply shows that the proceedings to dismiss the application for a bill of exceptions culminated after the filing of the original complaint. But whether the court erred or did not err in permitting the plaintiff to file the pleading called a supplemental complaint, we think that there had been no miscarriage of justice by reason of the ruling of the court granting permission to the respondents to file the pleading called the supplemental complaint, rather than filing the pleading as, and named an amendment to the complaint on file in the action. ■ There is no question in our minds that the matters set forth in the pleading called the supplemental complaint would constitute a proper amendment to the complaint in this action. It therefore follows that under section 4½ of article VI of the constitution, the error of the court, if any, has not resulted in a miscarriage of justice. The plaintiffs in this action had a final judgment against the defendant, determining the rights of the parties to the premises involved, and therefore no matter what name might be given to the pleading as filed, it did not result in a miscarriage of justice.

■ "It is next argued that by reason of the failure of the respondents to include in their original complaint herein allegations in relation to the judgment obtained by them in action number 4726, that whatever rights they had thereunder were waived. To support this our attention is called particularly to section 2326 of the United States Revised Statutes [30 U. S. C. A., sec. 30], which, in relation to this subject, reads as follows: 'It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction to determine the question of the right of possession, and prosecute the same, with reasonable diligence, to final judg-

ment; and a failure to do so shall be a waiver of his adverse claim.'

"There is no mention in this section which bears upon or has any relevancy to what constitutes, or the different facts or right or title to be set forth as an adverse claim. Had no reference been made to the judgment mentioned in the respondents' supplemental complaint in any of the pleadings, the former judgment obtained by the plaintiffs would nevertheless have been admissible in evidence. In *Kipp* v. *Reed*, 183 Cal. 49 [190 Pac. 363], which was an action to quiet title, it was held, quoting from the syllabus: 'A person who brings an action to quiet title to certain lands, the title to which has been adjudicated to be in him in a former action against the same defendant, is not estopped from offering in evidence the judgment roll in the former action as a muniment in his chain of title, because he did not plead or rely upon such judgment.' Other citations supporting this statement of the law seem unnecessary. Was it error on the part of the trial court to enter judgment for the plaintiffs upon the pleadings?

"As we have stated, paragraph III of the supplemental complaint set forth the judgment favorable to the plaintiffs in this action entered in the same court in which this action was pending, in an action numbered 4726; that in that action it was determined that the mining premises described therein did not belong to the defendant in this, but that the plaintiffs in this action and their predecessors in interest had a superior right thereto; that the premises described in the defendant's answer in this action as being mining property belonging to her, were the same premises involved in action number 4726, wherein it was determined that appellant had no interest therein. We need not follow further the particular statements contained in paragraph III of the supplemental complaint, further than to state that it shows the entry of such judgment and the finality thereof. The only question to be determined is to ascertain whether the allegations of paragraph III and the other allegations of the plaintiffs' complaint have been denied. The denial of the defendant, as set forth in the transcript, is as follows, 'Denies that the property referred to in the said judgment in said action number 4726 is the same property described in paragraph I of the answer of defendant,

Eleonore E. Hoeft, now on file in the above entitled action, and in this behalf this defendant alleges that a portion only of the property described in paragraph I of the answer of this defendant now on file in the above entitled action is a portion only of the property described and referred to in said judgment in said action number 4726; that the other property described in paragraph I of said answer of this defendant is not described or referred to in nor affected in any way in said judgment in said action number 4726; and that the other' property described in said action number 4726 and not described in paragraph I of said answer of this defendant is not claimed by defendant.' The answer then contains the further allegation: 'Denies that the property referred to in the said judgment in said action No. 4726, is the same property described in Paragraph I of the answer of defendant, Eleonore E. Hoeft, now on file in the above-entitled action; and in this behalf, this defendant alleges that a portion, only, of the property described in Paragraph I of the answer of this defendant now on file in the above-entitled action, is a portion, only, of the property described and referred to in said judgment in said action No. 4726; that the other property described in Paragraph I of said answer of this defendant is not described or referred to in, nor affected in any way, by said judgment in said action No. 4726, and not described in Paragraph I of said answer of this defendant is not claimed by this defendant. Except as hereinbefore expressly admitted, denied and alleged by this defendant, this defendant admits all the other allegations in Paragraph III of said supplemental complaint.' A reading of the answer as we have set forth herein shows clearly that no denial is made of the respondents' title to the disputed premises, as determined by the judgment entered in action No. 4726. The affirmative matter contained in the answer to the original complaint alleging that the appellant is the owner thereof, must be wholly disregarded in view of the appellant's admissions of the right and title of the respondents set forth in the supplemental complaint, founded upon the judgment just referred to. The force, effect and conclusiveness of the judgment not being denied, wherein it was determined that the respondents in this action possessed the superior right to the premises involved, the trial court could not do otherwise

than grant the motion for judgment on the pleadings. ▪️ After this judgment had been entered, the appellant made a motion to set aside the judgment and asked leave to file an amended answer to the plaintiffs' supplemental complaint. This was denied. The record does not show compliance with section 473 of the Code of Civil Procedure. Under such circumstances we cannot say that the trial court abused its discretion. And especially is this true when the granting of appellant's motion to set aside the judgment theretofore entered herein and permitting the filing of an amended answer, would serve only to prolong litigation after a judgment had already been entered in a previous action determining the rights of the parties to the premises involved.''

The judgment of the trial court is affirmed.