[Civ. No. 10311. Second Appellate District, Division One.—January 20, 1936.]

ROBERT R. ROSS, a Minor, etc., Respondent, v. WILLIAM STORY, Appellant.

John L. Fleming for Appellant.

Lloyd S. Nix and Lilian M. Fish for Respondent.

ROTH, J., *pro tem.*—This appeal results from a judgment for plaintiff entered upon a verdict of a jury in an action to recover damages for personal injuries suffered by plaintiff, a minor of the age of ten years, arising out of a collision between plaintiff, a pedestrian, and defendant's automobile at or near the intersection of Vermont and Florence Avenues in the city of Los Angeles, at 7 o'clock on the evening of February 19, 1934. Immediately prior to the accident, defendant was driving his automobile south on Vermont Avenue; approaching the intersection of Vermont and Florence, the lights being green, he made a right-hand turn westerly on Florence, which latter street is 70 feet wide from curb to curb. It was raining and the streets were wet. The intersection, however, was well lighted. Plaintiff was wearing a leather jacket, boots, and his father's rain hat which was something like a fireman's hat. According to plaintiff's testimony, he had been standing at the north curb on Florence Avenue at Vermont waiting for the lights to change. When they changed to green, he stepped off the curb at the north curb line of Florence Avenue, and proceeded across Florence in a southerly direction. Plaintiff testified that he stepped off the curb into the pedestrian zone and continued to travel therein. Defendant contended that the boy stepped off the north curb line at a point 30 to 35 feet west of the westerly curb line of Vermont Avenue, and that he did not know that he had struck plaintiff; admitting, however, that he knew he hit something, but thought he ran over a traffic button. It is difficult to accept this contention, in view of defendant's admission that the only impact he felt was 30 to 35 feet west of the west curb line of Vermont Avenue, and for the further reason that defendant testified he knew there was no traffic button there. Further, physical evidence showed that the westerly edge of the largest pool of blood in the street was five steps west of the center of the cross-walk and nine steps south of the northerly curb of Florence Avenue. The physical evidence corroborates plain-

tiff's theory that he was first struck by the automobile, thrown a few feet and then run over. After his car had struck plaintiff, defendant did not stop, but was followed by a witness, who saw the left wheels of defendant's car run over the boy. Defendant was overtaken about one-half mile west of Florence Avenue. There was evidence that the defendant had been drinking and was intoxicated at the time (defendant admitted he had taken two drinks of gin); and that the windshield wiper on defendant's automobile was not, and for some time had not been, operating; that the entire windshield was dirty and that the brakes were bad. The evidence also showed that defendant's automobile had a depression on the left side of the radiator cap; that the left headlight was bent back and polished off on the inside, and that the left side of the bumper had been polished off in front, but the rest of the bumper was dirty. There were no eye-witnesses to the actual impact between the automobile and the boy, although, as already stated, one of the witnesses saw the left wheels of defendant's automobile run over the boy's body. Defendant's contention in this respect is that the boy slipped and fell in front of his automobile. There is no direct evidence as to the speed of defendant's automobile at the time of the impact, but there is testimony to the effect that the witness, who pursued defendant, had to travel fifty miles per hour to overtake the defendant, and there is nothing in the record to show whether or not defendant increased or decreased his speed after the impact.

The case was tried before a jury which brought in a verdict for the plaintiff. From the judgment entered thereon this appeal is taken.

Defendant's first contention is that there is no substantial evidence showing negligence on his part. We feel that the foregoing recital of facts briefly made demonstrates, upon a mere reading thereof, sufficient substantial evidence to have justified the jury in concluding that there was negligence on the part of defendant proximately causing the collision in question, and that there was no contributory negligence on the part of the plaintiff.

Defendant next contends that certain instructions given by the court were so erroneous and prejudicial as to constitute reversible error.

This court said in *Mills* v. *Los Angeles Junk Co.*, 3 Cal. App. (2d) 546, at 548, 549 [40 Pac. (2d) 285, 286] : "Appellant in his brief prints none of the other instructions given on the same subject and prints none of the evidence pertinent to such criticisms. . . . Such a presentation does not comply with Section 3 of Rule VIII of the rules adopted by the Judicial Council of this state for this court, and it has been repeatedly held that appellate courts will decline to give consideration to instructions thus generally criticized. (*Swartz* v. *Feddershon*, 92 Cal. App. 285, 291 [268 Pac. 430] . . . ; *Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 371 [184 Pac. 672, 12 A. L. R. 1007] . . . ; *Born* v. *Castle*, 175 Cal. 680, 685 [167 Pac. 138] . . . ; *Vance* v. *Gilbert*, 178 Cal. 574, 580 [174 Pac. 42] . . . ; *Gavin* v. *Gavin*, 92 Cal. 292 [28 Pac. 567] . . . ; *Phoenix, etc.*, v. *Texas Holding Co.*, 81 Cal. App. 61, 76 [252 Pac. 1082]. . . . )"

The foregoing observations as to the facts in the cited case and the law applicable thereto are of equal pertinence here. We have, however, examined the record and scrutinized all criticisms made by appellant. The first instruction criticized is respondent's No. 9, which is as follows:

"I further instruct you that if from all the evidence you find that the defendant William Story was not using all the care and caution in operating his automobile at the time and place of this accident which a careful and prudent man similarly situated should exercise, having due regard for the safety of the public and the rights of others to the use of Vermont Avenue and Florence Avenue, and if you further find that defendant William Story's lack of due care and caution, if any, contributed proximately to the injuries, if any, sustained by the plaintiff, Robert R. Ross, I direct you to bring in your verdict for the plaintiff and against the defendant." Standing alone, this instruction is undoubtedly defective. (*Corvello* v. *Baumsteiger*, 115 Cal. App. 194 [1 Pac. (2d) 484] ; *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176 [118 Pac. 700] ; *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270 [201 Pac. 599].) The jury, however, was adequately instructed upon the standard of care required and upon the subject and effect of contributory negligence. Plaintiff's instructions 6, 16 and 3, and defendant's instructions 3, 4, 5, 8 and 14 could have left no doubt in the minds of the jury as to what constituted contributory negligence, and the effect

thereof. We find no prejudicial error of any kind in plaintiff's instructions 12, 13, 20 and 27. Plaintiff's instruction 3, if there is any defect, is completely cured by plaintiff's instruction 5 and by defendant's instructions 4, 5 and 6. The slight irregularity in plaintiff's 25 is cured by the third paragraph of plaintiff's 1 and by defendant's 2. We find no irregularity in plaintiff's 26, but if there is any, it is eliminated by plaintiff's 1 and 27, and by defendant's 1 and 2.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 17, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1936.