[Civ. No. 8598. Second Appellate District, Division One.—January 11, 1935.]

JACK MILLS, Appellant, v. LOS ANGELES JUNK COMPANY (a Corporation), Respondent.

J. J. Hughes and S. S. Tipton for Appellant.

George H. Moore for Respondent.

ROTH, J., *pro tem.*—Appellant alleged that he was injured in respondent's place of business by reason of the negligence of respondent in so operating one of its presses that a bale of paper was blown therefrom, violently striking appellant and throwing him to the ground. The case was tried before a jury. The jury found for defendant. From the judgment entered on the verdict of the jury and from an order denying a motion for a new trial plaintiff prosecutes this appeal.

An appeal, of course, will not lie from an order denying a motion for a new trial. (Code Civ. Proc., sec. 963, subd. 2.) We will, therefore, consider only the appeal from the judgment.

It is unnecessary to detail the facts which gave rise to the accident, as the pivotal question upon which this appeal turns is not dependent upon or related to a recitation of these facts.

The primary question raised by appellant is that the court should have given an instruction which he claims he requested on the subject of *res ipsa loquitur*. Respondent's answer to this contention is twofold: First, that it was not requested; and, second, that it would have been error for

the trial court to give such an instruction if it had been requested. Respondent's first answer is conclusive.

The record on appeal nowhere indicates a request for the proposed instruction. Indeed, the only place in the record on appeal in which the asserted context of the proposed instruction appears is in an affidavit of one of the trial jurors, which, on motion of respondent, was stricken from the files, together with the affidavits made by some of the other trial jurors.

The order striking these affidavits from the files is a "special order made after final judgment" (Code Civ. Proc., sec. 963, subd. 2), and is an appealable order. (*Gay* v. *Torrance,* 145 Cal. 144 [78 Pac. 540].)

There is no appeal or purported appeal from the order striking the affidavits. There is nothing else in the record which even suggests that the proposed instruction was requested, and, as has already been pointed out, the affidavit of the trial juror which has been referred to, conceding for the purpose of this appeal that it suggests anything of importance, is not in the record which we can consider.

Since the record on appeal shows no request for an instruction on the subject of *res ipsa loquitur,* the only remaining question is whether or not the court of its own motion should have given an instruction on the subject of *res ipsa loquitur,* conceding for the purposes of this appeal that the facts would warrant the giving of such an instruction.

There is no ambiguity in the law on this subject, it being thoroughly settled that the court under such circumstances is not bound to give one.

"The rule is well established that the failure of a trial court to give an instruction may not be reviewed on appeal unless the record specifies the instruction and shows that it was requested and refused. . . . " (*McFate* v. *Zuckerman,* 130 Cal. App. 172 [19 Pac. (2d) 532].)

Appellant claims further that the trial court erred in giving certain instructions numbered 1, 11, 12, 18, 19, 20 and 24. Appellant in his brief prints none of the other instructions given on the same subject and prints none of the evidence pertinent to such criticisms. Further, with reference to the instructions so criticised, appellant cites no authorities to sustain his general assertions, except as to two

of these instructions. Such a presentation does not comply with section 3 of rule VIII of the rules adopted by the Judicial Council of this state for this court, and it has been repeatedly held that appellate courts will decline to give consideration to instructions thus generally criticised. (*Swartz* v. *Feddershon,* 92 Cal. App. 285, 291 [268 Pac. 430]; *Scott* v. *Times-Mirror Co.,* 181 Cal. 345, 371 [184 Pac. 672, 12 A. L. R. 1007]; *Born* v. *Castle,* 175 Cal. 680, 685 [167 Pac. 138]; *Vance* v. *Gilbert,* 178 Cal. 574, 580 [174 Pac. 42]; *Gavin* v. *Gavin,* 92 Cal. 292 [28 Pac. 567]; *Phoenix etc. Co.* v. *Texas Holding Co.,* 81 Cal. App. 61, 76 [252 Pac. 1082].)

Failure of appellant to print or even by reference to the transcript to designate any of the evidence is of more than formal importance, in view of the fact that instructions Nos. 1, 11, 12 and 19 are severally criticised in general language as follows: "No evidence was offered thereon"; "Is not supported by the testimony"; "Is not supported by the pleadings or evidence"; "There is not evidence in the record tending to prove that reasonable care . . . " With reference to instruction No. 18, appellant says: "We do not think this instruction states the law," which is substantially all that appellant says with reference to said instruction. Some authority is cited in substantiation of the criticism directed to instructions Nos. 20 and 24, but we are satisfied that there is not in these two instructions, nor in any of the others criticised, any error of a prejudicial nature.

Judgment is affirmed. The appeal from the order is dismissed.

Conrey, P. J., and York, J., concurred.