[L. A. No. 17062. In Bank.—May 31, 1939.]

EVYONNE S. COOK, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

592

Harold D. Kraft for Appellant.

Gibson, Dunn & Crutcher and E. H. Chapman for Respondent.

EDMONDS, J.—By this appeal the plaintiff challenges a judgment entered upon a verdict in favor of the defendant and an order striking from the file affidavits presented by her in support of a motion for a new trial.

The action was brought to recover damages for personal injuries assertedly suffered as the result of the negligent

operation of a street car owned by the defendant. At the trial it was shown that the car on which she was riding had come to a stop at a street intersection, and that in trying to get off the car, the plaintiff fell to the street and was injured. The evidence upon the question whether the car had started forward before plaintiff had completed her descent from its rear platform was conflicting, but when it was submitted to a jury, a verdict in favor of the defendant was returned.

The chief ground upon which the plaintiff relies for a reversal of the judgment concerns the propriety of a special instruction given to the jury by the trial judge. After slightly less than two hours deliberation the jury returned to the court room and the following occurred:

"The Court: What is the trouble?

"The Foreman: We would like to have that part of your instructions read—

"The Court: There is only one instruction to be given you, and that is, now did this street car stop and start according to the plaintiff's evidence, or did she fall off by slipping or some other thing? That is all you have got to figure out. You should not be over fifteen minutes at most.

"The Foreman: There seems to be a difference of opinion.

"The Court: That is all I am giving now. I will give you ten minutes more to fix it up, because I am not going to keep you here longer on a simple question like that. I don't know what you would do with a complicated case if one as simple as this confuses you. You have got the evidence of people that said the car did not start. You have the evidence of the women or man who was on the street car, or the boy, who said it did start. It is up to you what followed. That is all there is to this case, ladies and gentlemen of the jury. It is as plain as the nose on your face. Go back and see what you can do.

"The Foreman: All right, your Honor."

Following this colloquy the jury retired and approximately ten minutes later returned to the court room with a verdict in favor of the defendant.

The defendant urges that the plaintiff is precluded from complaining of the trial court's comments because the record shows that she stood by without objection or complaint at the time of their occurrence. But it is the law in this state

that upon appeal a litigant may question the correctness of a charge to the jury without having made objection at the time the charge was given; he is deemed to have excepted to each instruction. (Sec. 647, Code Civ. Proc.)

In criticizing the instruction, the plaintiff contends that it was misleading, suggestive and coercive. This point is well taken. A trial court may properly advise a jury of the importance of arriving at a verdict and of the duty of individual jurors to hear and consider each other's arguments with open minds, rather than to prevent agreement by obstinate adherence to first impressions. (*Allen* v. *United States*, 164 U. S. 492 [17 Sup. Ct. 154, 41 L. Ed. 528]; *Shaffman* v. *United States*, 289 Fed. 370.) But, as the exclusive right to agree or not to agree rests with the jury, the judge may not tell them that they must agree nor may he harry their deliberations by coercive threats or disparaging remarks. "The court is unauthorized to tell the jury, at any stage of the trial, that they must agree. The statement of a trial judge to a disagreeing jury that they must arrive at a verdict, or language from which such peremptory order is logically inferred, is plain coercion and an invasion by the court of the province of the jury. The trial court should not direct such remarks or admonitions to the jury as will tend unduly to hasten them in arriving at a verdict." (Reid's Branson: Instruction to Juries, 3d ed., vol. 1, p. 140.)

Tested by these rules the present instruction was plainly coercive. The plain implication of the trial judge's remarks is that he did not consider the plaintiff was entitled to recover, and that the jury should not take more than ten minutes to state that conclusion in a verdict. There can be no other reasonable construction of his statements, particularly in view of the fact that it would undoubtedly have taken the jury more than ten minutes to have considered and agreed upon the amount of damages to be allowed to the plaintiff if it had found a verdict in her favor.

Moreover, it is evident that the foreman was about to request the rereading of an instruction when he was interrupted by the court. Section 614 of the Code of Civil Procedure provides: "After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed of any point of law arising in the cause, they may require the officer to

conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the parties or counsel.'' While this provision does not compel the court to give any information which the jury may request, any reasonable request relating to the rereading of instructions upon a topic which is doubtful in the minds of the jurors should not be wilfully disregarded. In addition to refusing to reread the instructions on the topic requested, the judge, in saying ''There is only one instruction to be given you'', told them in effect, to disregard all the instructions previously given by him.

 It is probable, also, that as the plaintiff charges, the special instruction was suggestive and misleading. While the words used do not, on their face, appear to show any bias in favor of the defendant, other factors which are not disclosed by the record, such as the tone or inflection with which the comments were delivered, or the attitude of the court during the trial of the case, may well have imparted such an impression to the jurors. That this was their effect is indicated by the dispatch with which they arrived at their verdict, and that the court had a strong personal opinion concerning the merits of the case is shown by the following statement which he made to the jury immediately following their verdict: ''Thank you, ladies and gentlemen of the jury. I do not see how you could have arrived at any other verdict. Had you given any other verdict, it would have been set aside.''

Considering all of the circumstances shown, the trial judge's peremptory instruction unquestionably prejudiced the plaintiff's right to a fair trial and invaded the province of the jury.

The judgment is, therefore, reversed.

Curtis, J., Seawell, J., Houser, J., and Langdon, J., concurred.