[Civ. No. 18502.   Second Dist., Div. Two.   Oct. 4, 1951.]

L. W. MIDDLETON et al., Appellants, v. THE POST TRANSPORTATION COMPANY (a Corporation) et al., Respondents.

Swaffield, Madden & McCarry for Appellants.

Harry E. Sackett, Jennings & Belcher and Louis E. Kearney for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury in an action to recover damages resulting from a collision of automobiles, plaintiffs appeal.

The evidence being viewed in the light most favorable to defendants (respondents) the essential facts are:

About 11 p. m., December 7, 1949, plaintiffs, husband and wife, retired in their apartment at the Chace Motel on the northwest corner of Pacific Coast Highway and Pine Avenue in Long Beach. Pacific Coast Highway runs in a general easterly and westerly direction and is 76 feet wide, while Pine Avenue is 50 feet wide and runs in a general southerly and northerly direction.

Immediately after retiring plaintiffs fell asleep and were not awakened until the hereinafter described accident occurred. About 1:30 a. m., December 8, 1949, defendant Ogle was driving a tractor and trailer (owned by the corporate defendant) in a westerly direction on Pacific Coast Highway just east of its intersection with Pine Avenue at a speed of about 25 miles per hour. When his vehicle was 15 to 20 feet into the intersection he noticed an automobile coming from

his left and driving north on Pine Avenue. This automobile was driving at a high rate of speed, and the driver was intoxicated. The car struck the left rear dual wheels of defendant's tractor with such force as to flatten out the car, killing the driver thereof and rendering defendant Ogle unconscious. Thereafter the truck crashed into the motel apartment in which plaintiffs were sleeping, causing them serious injuries.

After a jury trial judgment was rendered in favor of defendants.

■ *Questions: First: Did the trial court err, after giving an instruction on the doctrine of res ipsa loquitur and stating that it was applicable to the facts of the case, in giving the jury the following instruction?*

"The mere fact that an accident happened, considered alone, does not support an inference that some party, or any party, to this accident was negligent."

*No.* The fact that the doctrine of res ipsa loquitur is applicable in an action for personal injury does not deprive a defendant of his right to an instruction that the mere fact of injury is no evidence of his negligence or liability. (*Palmer v. Hygrade Water & Soda Co.*, 236 Mo.App. 247 [151 S.W.2d 548, 550 et seq. [3-5]] ; *cf. O'Neill v. San Francisco*, 209 Cal. 418, 420 [287 P. 449] ; *Seedborg v. Lakewood Gardens Civic Assn.*, 105 Cal.App.2d 449, 455 et seq. [233 P.2d 942].)

■ The complained of instruction is a correct statement of law; such instruction called the attention of the jury to the rule of law that the mere happening of an accident, that is, separated from everything else shown by the evidence, will not support an inference of negligence on the part of defendant. This instruction does not conflict with the res ipsa loquitur instruction, for such instruction does not become applicable to a case unless several factors concur in addition to the mere happening of the accident: (1) there must be exclusive control of the injuring instrumentality by defendant; (2) the accident must be such as does not happen in an ordinary course of events; and (3) the defendant must be in a better position to explain the accident than the plaintiff. In the present case the jury were entitled to find that certain elements of the doctrine of res ipsa loquitur were not present; therefore such doctrine became inapplicable and the jury were properly advised that they could not draw an inference of negligence on the part of defendant merely because an accident had happened.

■ *Second*: *Did the trial court err in not instructing the jury as follows?*

"If you find that while the plaintiffs were in their apartment in the Chace Motel they were injured through the truck owned by the defendant Post Transportation Company and operated by the defendant Benny Ogle colliding with the motel and the apartment which plaintiffs were occupying, then an inference of negligence arises which throws upon these defendants the burden of showing that the injuries were sustained without any negligence on their part, and in the absence of such evidence your verdict should be in favor of the plaintiffs for such sum as will compensate them for the damages they sustained."

*No.* The requested instruction was merely an instruction upon the doctrine of res ipsa loquitur and the substance thereof was covered by an instruction previously given by the court.

■ It is settled that it is not error for the trial court to refuse a requested instruction if the subject matter thereof is substantially incorporated in an instruction which is given. (*Luis* v. *Cavin*, 88 Cal.App.2d 107, 115 [7] [198 P.2d 563].)

Third: *Did the trial court err in refusing to strike certain testimony of the witness Marie Wagner?*

*No,* for the reason that plaintiffs admitted in their brief that the improper statements of the witness were stricken. They say, "We must hasten to admit that the improper statements made by the witness were on motion ordered stricken by the Court, but as a practical matter we know that such testimony cannot be stricken from the minds of the jurors." The court also instructed the jury to disregard the stricken evidence.

■ It is established that when the trial court strikes answers of a witness which are improper and instructs the jury to disregard the stricken matter no prejudice results. (*Downey* v. *Bay Cities Transit Co.*, 94 Cal.App.2d 373, 375 [210 P.2d 713].)

Affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 29, 1951. Gibson, C. J., and Carter, J., voted for a hearing.