[Civ. No. 19470. Second Dist., Div. Two. July 22, 1953.]

JOSEPH L. SILVA et al., Appellants, v. PACIFIC GREYHOUND LINES (a Corporation) et al., Respondents.

Margolis, McTernan & Branton and Mitchell Levy for Appellants.

Bauder, Gilbert, Thompson & Kelly for Respondents.

MOORE, P. J.—Plaintiffs, husband and wife, sued defendant bus company and defendant driver for personal injuries received while passengers on defendant's bus. The jury found for the defendants. From the judgment and an order denying their motion for a new trial, plaintiffs appeal. The order is not appealable. (Code Civ. Proc., § 963.)

## THE FACTS

Appellants were passengers on a bus of the corporate respondent, enroute from Bakersfield to Los Angeles. The accident which produced appellants' injuries occurred on a three-lane portion of U.S. Highway No. 99 between Castaic and Newhall in Weldon Canyon. In an approximately straight portion of the highway with a slight upgrade, the Greyhound driver attempted to pass another smaller bus also proceeding south. At about the time the Greyhound was abreast the smaller bus, a truck and a coupé came around the

curve at the south end of the straightaway proceeding north, with the coupé alongside the truck and in the center lane.

The owner of the coupé, seated beside the driver, testified that the two vehicles occupying the center lane collided head on and that the coupé was thrown against the truck by the impact.

The physical facts, such as tiremarks and debris along the highway, and the testimony of several witnesses, including one of the appellants, indicate that the driver of the coupé, on becoming aware of the impending crash, turned or skidded into the side of the truck and then caromed across the highway into the Greyhound, of which the front end at least was within the southbound lane.

After the impact, the right wheels of the bus were on the shoulder of the highway and over the berm.* The bus continued along the road as the driver attempted to regain his position by steering the right wheels onto the solid shoulder. But his aim was thwarted by the berm and the momentum of the bus, until finally the shoulder merged with the steeper embankment onto which the conveyance fell. Appellants were injured as a result of either the impact or the rolling of the bus.

While no claim is asserted that the facts do not support the verdict, appellants contend that the court so erred in instructing the jury in two respects that the resulting prejudice requires a new trial to be granted.

### ARE TWO INSTRUCTIONS CONTRADICTORY?

The jury were instructed in the words of B.A.J.I.† 206-B on the doctrine of res ipsa loquitur:

"From the happening of the accident involved in this case, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. . . ."

Also, they were advised in the language of B.A.J.I. 131 Alternate:

"The mere fact that an accident happened, considered alone, does not give rise to a legal inference that it was caused by negligence or that any party to this action was negligent."

---

*A small dirt curbing (about 12 inches high at this point) placed along the shoulder by the Division of Highways to prevent water from running over the embankment.

†California Jury Instructions, Civil.

The giving of these two apparently contradictory instructions is assigned as error.

Between the two quoted forms, 14 other instructions were given covering the issues of negligence and proximate cause, the duty required in an emergency and the reliance on the actions of others. However, immediately preceding the second instruction (B.A.J.I. 131 Alternate) quoted above, the jury were directed as follows:

"You are instructed that if you should find that the operator of another vehicle negligently operated the same, and that such negligence was the sole and proximate cause of the accident in question, then you are instructed that the plaintiffs are not entitled to recover from this defendant, even though such other driver is not a party to this proceeding."

On considering all the issues of the controversy and all the instructions together, the quoted instructions given could not reasonably be regarded as confusing to the jury or in any degree prejudicial to appellants, since B.A.J.I. 131 Alternate is closely tied into the instruction which relates to the negligence of the operator of another vehicle.

Decisions cited by both appellants and respondent contain instructions similar to those first quoted above, but each of them is distinguishable from the factual situation here. In *Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256 [143 P.2d 929], and *England* v. *Hospital of Good Samaritan*, 22 Cal.App.2d 226 [70 P.2d 692], relied on by appellants, the court *affirmed* the *granting of a new trial* by the trial judge after judgment for defendant, enumerating four and seven errors, respectively, in instructions given, or refused to justify its refusal to reverse the trial judge. Appellants in the case at bar are seeking a new trial after judgment for defendant and a denial of a new trial by the trial judge. Also, in the England case, there was no independent agency, such as the coupé involved herein, to which the instruction on ordinary negligence could pertain.

As to respondent's authorities, in *Bazzoli* v. *Nance's Sanitarium, Inc.*, 109 Cal.App.2d 232 [240 P.2d 672], and *Seedborg* v. *Lakewood Gardens Civic Assn.*, 105 Cal.App.2d 449 [233 P.2d 942], there was a question of whether or not the doctrine of res ipsa loquitur would apply. Both instructions here in question were given and the trial court explained that their application depended on the answer to the prior question, a situation different from that in the case at bar. *Judgment for the plaintiff was affirmed* in both cases. In *Radisich* v.

*Franco-Italian Packing Co.*, 68 Cal.App.2d 825 [158 P.2d 435], the court again *affirmed a judgment for plaintiff*, holding that any confusion or prejudice created by the instructions would have been to the advantage of the defendant. *Crooks v. White*, 107 Cal.App. 304 [290 P. 497], presented a situation wherein the court was concerned with the distinction between a presumption and an inference.

### ARE THE INSTRUCTIONS CONFUSING?

In view of appellants' contention, we first quote the instructions criticized as prejudicial. One of them proceeded as follows:

". . . that it is incumbent upon the *defendant* to rebut the inference [of negligence] by showing that it did, in fact, exercise *the utmost care and diligence*, or that the accident occurred without being proximately caused by any failure of duty on its part."

"As applied to a common carrier such as defendant Pacific Greyhound Lines, the word 'negligence' where used in the instructions just given you, means *any breach of duty toward the passenger*, evidence of which has been received in this trial. That duty is defined elsewhere in my instructions to you."

"The speed at which a vehicle travels upon a highway, considered as an isolated fact and simply in terms of so many miles an hour, is not proof either of negligence or of *the exercise of utmost care*. . . ."

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril, arising from either the actual presence, or the appearance, of imminent danger to himself or to others, is not expected, nor required to use the same judgment and prudence that is required of him, in *the exercise of ordinary care*, in calmer and more deliberate moments. His duty is to exercise only the *care that an ordinarily prudent person* would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by *any ordinarily prudent person* under the same conditions, he does all the law requires of him, although, in the light of after-events, it should appear that a different course would have been better and safer."

"A person who, himself, is *exercising ordinary care* has a right to assume that others, too, will perform their duty under the law, and he has a further right to rely and act on that

assumption. Thus it is not negligence for such a person to fail to anticipate injury which can come to him only from a violation of law or duty by another. However, an exception should be noted: the rights just defined do not exist when it is reasonably apparent to one, or in the *exercise of ordinary care* would be apparent to him, that another is not going to perform his duty. One is not justified in ignoring obvious danger although it is created by another's misconduct, nor is he ever excused from *exercising ordinary care*."

"The defendant, Pacific Greyhound Lines, a corporation, however, was not an insurer of the safety of the plaintiffs; that is to say, it did not warrant such safety in the sense of a guarantee. Its responsibility was not to use the most effective methods for safety that the human mind can imagine, nor that the best scientific skill might suggest. The *care required* of it, however, *was the highest that reasonably* could have been exercised consistently with the mode of transportation used, and the practical operation of its business as a carrier. . . ." (Emphasis added.)

■ Appellants contend that the jury was never clearly or definitely instructed as to the duty to use utmost care and diligence which a carrier for hire owes to its passengers. The instructions quoted refute this contention. In the first and last, respondent is specifically referred to when either "utmost care" or "highest care" is mentioned.

■ Appellants contend that the instructions which refer to "ordinary care" are contradictory and confusing and constituted prejudicial error. Such is not the fact. They refer to the situation when the drivers of the Greyhound and the coupé found themselves occupying the same lane, and do not contradict the specific instructions on the utmost care required of respondent in general. (*Dodge* v. *San Diego Elec. Ry. Co.*, 92 Cal.App.2d 759, 765 [208 P.2d 37].)

But do the quoted instructions reduce the amount or degree of care to be exercised on the part of the Greyhound driver to that of an ordinarily prudent person in the same situation or to that of a person charged with utmost care under like circumstances? There would certainly be no error if the instructions had used "the care required by law" rather than "ordinary care," thereby covering both the Greyhound driver and the coupé driver. In *Dieterle* v. *Yellow Cab Co.*, 53 Cal. App.2d 691 [128 P.2d 132], a case very similar to the instant action, the court held that the mixing of "ordinary" and

"utmost" care in an instruction was not grounds for a new trial. The instruction there given was:

"In other words, if you find . . . [the driver] in the operation of the taxicab conducted himself as might reasonably be expected of the *ordinary prudent person* charged with the duty of exercising a *high degree of care* for his passengers, then I instruct you that he was not negligent. . . ." (*Ibid.* at 699. Emphasis added.) In *Pezzoni* v. *City & County of San Francisco*, 101 Cal.App.2d 123 [225 P.2d 14], the court affirmed the granting of a new trial based on error in mixing "ordinary" and "exceptional" in a negligence instruction.

In the action at bar, the "utmost" did not occur in the same instructions as the "ordinary" complained of, as it did in the decisions above cited, and the "ordinary" was used repeatedly, not merely once. The instructions containing "ordinary care" did tend to lower the standard of care required of a carrier for hire in an imminent head-on collision and therefore it was error to give them in the form used.

But, in order to justify a reversal of the judgment herein by reason of the refusal to grant the motion for a new trial, it would be necessary to find that the giving of the last quoted instructions was prejudicial to appellants. (Const., art. VI, § 4½; Code Civ. Proc., § 475.) There were two opportunities for negligence on the part of respondent, namely, (1) attempting to pass the other bus when conditions were not safe for doing so, and (2) acting or failing to act on observing the approaching coupé in the center lane. The instructions allegedly given in error do not apply to the first opportunity. As to the second, it must be said there is no evidence in the record that the Greyhound driver exercised other than the utmost care in turning the bus into the southbound lane as quickly as it was humanly possible after he sensed his peril, and in maintaining the equilibrium of the bus as long as possible after the impact.

We have reviewed with care the several instructions given as well as those refused. A close reading of the entire transcript on appeal leaves no doubt that the basic issues were fairly presented to the jury. The motion for a new trial afforded a new opportunity for the court to renew its study and appraisal of the problems that had arisen out of the trial. Search as they would, counsel for appellants came up with no more than the criticisms of the instructions now urged for a reversal. While the passages in the instructions are, in the respects indicated, amenable to criticism, the in-

structions when considered in their entirety state the law of the case fairly and clearly. Therefore, no error played a part in the jury's deliberation; certainly none that was sufficient to justify the conclusion that a different verdict might have otherwise been rendered.

The appeal from the order is dismissed.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied August 4, 1953, and the following opinion was then rendered:

THE COURT.—In his petition for rehearing, appellant emphasizes less important passages of certain instructions given and fails to stress the remaining portions which directly tie in with preceding instructions. It is trite to say that the instructions given in a lawsuit must be read as a unitary charge.

Appellants' petition for a hearing by the Supreme Court was denied September 17, 1953. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.