[L. A. No. 22888.   In Bank.   Apr. 16, 1954.]

ARTHUR F. WILLIAMS et al., Appellants, v. CITY OF LONG BEACH, Respondent.

Thomas P. Menzies, James O. White, Jr., and J. Merrill Lilley for Appellants.

Irving M. Smith, City Attorney (Long Beach), Alfred D. Williams and John R. Nimocks, Deputy City Attorneys, for Respondent.

GIBSON, C. J.—This action was brought to recover for damage caused by an explosion and fire alleged to have been the result of negligence on the part of defendant city in allowing gas to escape from one of its mains. The trial court, sitting without a jury, found in favor of the city, and plaintiffs have appealed from the judgment.

The city's gas main was located in an alley at the rear of property owned by plaintiffs husband and wife on which there was a building used partly for business purposes and partly as their home. An explosion occurred and the building caught fire in the early morning when the husband lit a cigarette in the living quarters. Subsequently, when excavations were made in the street, a gas leak in the pipe was discovered about 55 feet from the point at which the fire started. The pipe was bent slightly downward, and a weld was broken. A captain of the fire department testified that in his opinion the explosion was caused by the leak in the main. The trial court found that, while the damage resulted from the escaping gas, it was not proximately caused by any negligence of the city.

It is not disputed that plaintiffs were entitled to the benefit of res ipsa loquitur, and the sole question on this appeal is whether the evidence on behalf of defendant was sufficient to meet or balance the inference of negligence which

arose from the application of the doctrine. (See *Burr* v. *Sherwin Williams Co., ante,* p. 682 [268 P.2d 1041]; see also *Hardin* v. *San Jose City Lines,* 41 Cal.2d 432, 436 [260 P.2d 63]; *Chutuk* v. *Southern Calif. Gas Co.,* 218 Cal. 395, 398-400 [23 P.2d 285]; *Bergen* v. *Tulare County Power Co.,* 173 Cal. 709, 719-721 [161 P. 269]; *Junge* v. *Midland Counties etc. Corp.,* 38 Cal.App.2d 154, 157, 159 [100 P.2d 1073]; *Harmon* v. *San Joaquin L. & P. Corp.,* 37 Cal.App.2d 169, 175 [98 P.2d 1064].) ▮ The defendant has the burden of going forward with the evidence, that is, the burden of producing evidence sufficient to meet the inference of negligence by offsetting or balancing it, but he is not required to prove himself free from negligence by a preponderance of evidence. (See *Hardin* v. *San Jose City Lines, Inc.,* 41 Cal.2d 432, 437 [260 P.2d 63], and cases there cited.)

▮ The main, which was laid about 27 years before the accident, was in "fair condition" when it was uncovered, although it was "naturally rusted" with a coat of approximately one-half inch. The pipe was in sandy soil, and there was evidence that this is one of the better kinds for compacting and that pipe leaks are no more prevalent in such soil than in other types of ground. There was testimony that no practical method was available to test the amount of strain on the pipe without taking it completely out of service and that there was no known practice of testing such pipes for strain while they were still in place. One expert expressed the opinion that the break in the pipe was due to a "settling condition," and another expert testified that in his opinion the cause of the break was a "slight compression in the main" due to an "earth movement of some nature." It appears that although no earthquakes in Southern California had been recorded by the seismological instruments of the California Institute of Technology near the time involved, this did not exclude the possibility of the occurrence of an earth tremor due to some cause such as an earth slide or a detonation which might be perceptible at Long Beach without recording on the instruments. Accordingly, the trial court could properly find that the leak in the pipe was due to natural causes and that it could not reasonably have been anticipated.

▮ The showing made by the city also warranted the conclusion that it was not negligent in failing to discover the leak during the period between the breaking of the pipe and the explosion of the gas. While there was evidence that

neighbors had smelled gas in the area for some days or weeks prior to the explosion, there was expert testimony, based on the size of the break and the condition of the soil, that the leak could not have existed for more than ten hours prior to its discovery, which was approximately five and a half hours after the fire. This evidence tends to show that the city was not negligent in failing to discover the leak during the brief period before the fire started. It also indicates that the break was not the source of the gas which neighbors assertedly smelled in the area prior to the fire. ■ Moreover, no report of escaping gas was made to the city before the explosion, and it was for the trier of fact to determine whether the leak had existed for a sufficient time to charge the city with knowledge of the break in the pipe. ■ Under all the circumstances it is our opinion that the evidence produced by the city was sufficient to balance the inference of negligence arising from res ipsa loquitur.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.