[L. A. No. 23875.   In Bank.   Mar. 22, 1957.]

FELIX BARRERA et al., Appellants, v. ARMONDO A. DE LA TORRE, Respondent.

Ernest V. Shockley and Edward Raiden for Appellants.

Schell, Delamer & Loring and Fred B. Belanger for Respondent.

SPENCE, J.—Plaintiffs, husband and wife, appeal from a judgment for defendant entered on a jury verdict in an action brought to recover damages allegedly resulting from defendant's negligent running of his automobile against plaintiffs' house. They contend that the trial court committed prejudicial error in the instructions to the jury, but we have concluded that this contention cannot be sustained. Furthermore, we have concluded that there is no merit in the suggestion of either plaintiffs or defendant that the question of whether defendant was or was not negligent was a question to be determined as a matter of law by the court rather than as a matter of fact by the jury.

On November 7, 1953, about midnight, defendant was driving his automobile westerly on Third Street in Los Angeles. Beyond the intersection of that street with Arizona Street his automobile went over the curb, across the sidewalk, through a chain-link fence, and crashed against plaintiffs' house. Third Street runs east and west and is about 75 feet wide. Arizona Street runs north and south and is about 50 feet wide. There was a boulevard stop sign on Arizona Street at the south entrance of the intersection.

Defendant was the only eyewitness to the accident. He testified that when he was about 20 feet east of the intersection and traveling west at a speed of approximately 20 miles per hour, he saw an automobile on Arizona Street traveling north; that it was then about 50 feet south of the intersection, which was "back from the boulevard stop" and to his left; that he glanced to his right, and then again to his left, at which time he saw the other automobile about 8 to 10 feet from him, traveling at an estimated speed of 50 miles per hour; that as he passed the center of the intersection, the other automobile struck the left rear fender of his automobile, knocking him off the driver's seat and to the floorboard; that he then "must have touched the accelerator, as

[his] car gathered speed,'' and veered to the left, going "completely out of control," jumping over the south curb of Third Street, and striking plaintiffs' house, which was about 100 feet west of the intersection. Defendant further testified that after the accident, the driver of the other automobile "turned off his lights and . . . sped away," with its "front bumper . . . dragging on the ground"; that the other automobile was a 1941 Chevrolet because he went back to the corner and found there "part of a bumper and a piece of [its] skirt" so indicating, which articles the police later examined and took as evidence; that he saw a "brush mark" about 15 feet long at the intersection, which was well lighted.

One of the investigating officers, as a witness for defendant, testified that he arrived at the scene of the accident about 12:25 a. m.; that defendant was sober; that defendant told him that he had been struck by another automobile, when it "failed to stop at Third Street and drove into his left rear," causing "him to slide to the right-hand side of [his] car," so that he "ran into the building and fence before he could get to the pedals"; and that defendant further stated that the other automobile's "front bumper was dragging on the ground as it left the scene."

The parties first are in dispute as to whether or not the doctrine of res ipsa loquitur is applicable here. ▮▮▮ They agree that the doctrine has these three conditions: (1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must have been caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. (*Seneris* v. *Haas,* 45 Cal.2d 811, 823 [291 P.2d 915]; *Ybarra* v. *Spangard,* 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258]; Prosser on Torts, second ed. 1955 (Hornbook Series), p. 201.) Obviously in this case conditions (1) and (3) were met. ▮▮▮ Defendant claims that condition (2) was not met because when the other automobile struck his automobile in the intersection, his automobile went out of his control, jumped the curb and crashed into plaintiffs' house. The car then being out of his control, defendant contends that he cannot be held responsible for plaintiffs' damages under that doctrine. (*McDonald* v. *Cantley,* 214 Cal. 40, 45 [3 P.2d 552]; *Staples* v. *L. W. Blinn Lbr. Co.,* 97 Cal.App. 387, 392 [275 P. 813].) This argument assumes that the jury was required to find that the accident happened

exactly as defendant testified. On the other hand, plaintiffs claim that defendant's explanation was highly improbable, being based upon an alleged collision between his and a "phantom car" with the consequent wresting of his car from his control and its striking plaintiffs' house. So far as they are concerned, plaintiffs claim their damages were occasioned by but one car, which was that of the defendant, and therefore the res ipsa loquitur doctrine was applicable. (*Druzanich* v. *Criley*, 19 Cal.2d 439, 444 [122 P.2d 53].) But regardless of whether there was or was not a two-car collision in line with defendant's account, it could not be said as a matter of law that defendant thereby lost control of his automobile so as to render the doctrine inapplicable. Rather these were all matters for the jury to weigh in the light of the required conditions, and an appropriate instruction concerning the doctrine would have been proper. (*Seneris* v. *Haas, supra*, 45 Cal.2d 811, 823.)

However, plaintiffs did not request an instruction on the doctrine of res ipsa loquitur. Under such circumstances they may not argue on appeal that the court erred in failing to give a specific instruction. (*Lahti* v. *McMenamin*, 204 Cal. 415, 421 [268 P. 644]; *Mills* v. *Los Angeles Junk Co.*, 3 Cal. App.2d 546, 547-548 [40 P.2d 285]; *Comstock* v. *Morse*, 107 Cal.App. 71, 75 [290 P. 108.) But, of course, they may question the correctness of the charge to the jury though they made no complaint at the time of its occurrence. (Code Civ. Proc., § 647; *Cook* v. *Los Angeles Ry. Corp.*, 13 Cal.2d 591, 594 [91 P.2d 118].)

Plaintiffs contend that the court erred in giving the following instruction: "The mere fact that an accident happened, considered alone, does not give rise to a legal inference that it was caused by negligence or that any party to this accident was negligent." (BAJI 131.) Of course, as a general comment on this instruction, the single fact of a car crashing into a house, without more, does suggest negligence on the part of someone although the factor of responsibility of any particular person may still remain to be determined. But without emphasis on this portion of the instruction, plaintiffs claim that the instruction precluded the jury from considering the application of the res ipsa loquitur doctrine in its possible relation to defendant. It has been held that the challenged instruction should not be given where the undisputed evidence showed that but one dangerous instrumentality was involved in the happening of the accident

and such instrumentality was in the exclusive control of the defendant. In such case where "it was conceded that the fatal bullet was fired by defendant, . . . though instructions on the doctrine of res ipsa loquitur were not requested, the jury should not have been foreclosed from considering the evidence provided by the happening of the accident itself in determining whether defendant was negligent." (*Jensen* v. *Minard*, 44 Cal.2d 325, 329 [287 P.2d 7].)

However, in this case there was evidence that two instrumentalities were involved in the accident, and it was questionable whether the conditions of the res ipsa loquitur doctrine were satisfied. A somewhat similar situation was presented in *Middleton* v. *Post Transp. Co.*, 106 Cal.App.2d 703 [235 P.2d 855], where an instruction substantially the same as the one here criticized was given along with an instruction concerning the doctrine of res ipsa loquitur. In holding that no error was committed, the court said at page 705: "The fact that the doctrine of res ipsa loquitur is applicable in an action for personal injury does not deprive a defendant of his right to an instruction that the mere fact of injury is no evidence of his negligence or liability . . . such instruction called the attention of the jury to the rule of law that the mere happening of an accident, that is, separated from everything else shown by the evidence, will not support an inference of negligence on the part of defendant. This instruction does not conflict with the res ipsa loquitur instruction, for such instruction does not become applicable to a case unless several factors concur in addition to the mere happening of the accident: . . . In the present case the jury was entitled to find that certain elements of the doctrine of res ipsa loquitur were not present; therefore such doctrine became inapplicable and the jury were properly advised that they could not draw an inference of negligence on the part of defendant merely because an accident had happened." (See also *Silva* v. *Pacific Greyhound Lines*, 119 Cal.App.2d 284, 287-288 [259 P.2d 743] ; *Bazzoli* v. *Nance's Sanitarium, Inc.*, 109 Cal.App.2d 232, 241 [240 P.2d 672] ; *Seedborg* v. *Lakewood Gardens etc. Assn.*, 105 Cal.App.2d 449, 455-456 [233 P.2d 943].)

It thus appears that the criticized instruction would permit the application of the doctrine of res ipsa loquitur if the elements of that doctrine were found to be present. Since such an instruction would be proper when accompanied by an instruction on the res ipsa loquitur doctrine, the same reason-

ing would likewise indicate its propriety when not so accompanied, if given in a case in which it cannot be said as a matter of law that the res ipsa loquitur doctrine was applicable and in which no instruction with respect to that doctrine was requested. ■ The doctrine of res ipsa loquitur concerns a type of circumstantial evidence upon which the plaintiff may rely to make out a prima facie case of negligence against the defendant. ■ There was sufficient evidence in the present case from which the jury, whether instructed or not upon the matter, could have drawn the inference that defendant had been negligent, if it had chosen to do so. (*Rose* v. *Melody Lane*, 39 Cal.2d 481, 488 [247 P.2d 335]; *Fedler* v. *Hygelund*, 106 Cal.App.2d 480, 487 [235 P.2d 247].) Had the jury done so, it could not be said that the evidence would not have supported its verdict; but, on the other hand, the jury here apparently found that defendant had not been negligent and there is ample evidence to support that finding. We conclude that in the absence of any request for instructions on the doctrine of res ipsa loquitur, plaintiffs cannot prevail in their objections to the instructions given under the circumstances presented by the record. Furthermore, it appears from the foregoing discussion that the question of whether defendant was or was not negligent was essentially a question of fact for the jury's determination.

■ As a final point, plaintiffs suggest that they had a cause of action against defendant not only upon the theory of negligence but also upon the theory of trespass. They admit that this latter theory of liability was not presented either in the trial court or on appeal prior to the time of filing their supplemental brief in this court. They recognize the general rule that ordinarily a party may not, for the first time on appeal, change the theory of his cause of action (*Ernst* v. *Searle*, 218 Cal. 233, 240 [22 P.2d 715]; *Gray* v. *Janss Inv. Co.*, 186 Cal. 634, 641 [200 P. 401]), but they suggest that this case should be an exception, relying upon *Panopulos* v. *Maderis*, 47 Cal.2d 337 [303 P.2d 738]. However, the new legal theory in the Panopulos case presented only a question of law on undisputed facts, and it was deemed appropriate to pass upon its merits as a further basis for affirmance of the judgment. Here plaintiffs not only dispute defendant's version of the facts but, in addition, they advance this new theory of trespass as ground for reversal of the judgment for defendant. Such change of theory by an appellant cannot be permitted. (See *Anderson* v. *Derrick*,

220 Cal. 770, 777 [32 P.2d 1078]; *Townsend* v. *Wingler*, 114 Cal.App.2d 64, 68 [249 P.2d 613].)

The judgment is affirmed.

Shenk, J., Traynor, J., Schauer, J., and McComb, J., concurred.

Gibson, C. J., concurred in the judgment.

CARTER, J.—I dissent.

The majority holds that the doctrine of res ipsa loquitur could not be invoked to establish defendant's negligence as a matter of law; that the jury instruction contrary to the application of the doctrine was not error; and that plaintiffs were not entitled to a reversal on the theory of trespass because it was not presented in the trial court. None of these positions is sound.

The case presents a situation squarely and typically calling for the application of res ipsa loquitur. Not considering defendant's purported "explanation" of the accident for the moment, the evidence shows without dispute that defendant while driving his car along a city street drove it off the street, across the sidewalk, through a fence and into plaintiffs' yard and struck their home, causing the damage of which complaint is made; it is conceded that plaintiffs did not have, could not have had, anything whatsoever to do with the accident since houses, needless to say, cannot be moved about at the will of the owner to dodge cars which leave the street in front of a house. Defendant concedes he was the sole driver and operator of his car. In *Druzanich* v. *Criley*, 19 Cal.2d 439 [122 P.2d 53], a car being driven by defendant left the highway and upset, injuring passengers in the car who had nothing to do with its operation; res ipsa loquitur was held applicable. To the same effect see *Fiske* v. *Wilkie*, 67 Cal.App.2d 440 [154 P.2d 725], and cases there cited. In *Godfrey* v. *Brown*, 220 Cal. 57 [29 P.2d 165, 93 A.L.R. 1092], the court held res ipsa loquitur available to a guest (before the change in the law as to the liability for injuries to guests) who was injured when the *defendant driver-host collided at an intersection with another car driven by the other defendant* (cited with approval in *Ybarra* v. *Spangard*, 25 Cal.2d 486, 493 [154 P.2d 687, 162 A.L.R. 1258]). *Harlow* v. *Standard Imp. Co.*, 145 Cal. 477 [78 P. 1045], held the doctrine applicable where an operator of a steam roller in a street ran it against and

damaged plaintiff's house. *Merry* v. *Knudsen Creamery Co.*, 94 Cal.App.2d 715 [211 P.2d 905], and cases there cited, applied the doctrine where a car ran into the rear of a stopped car. *Price* v. *McDonald*, 7 Cal.App.2d 77 [45 P.2d 425], involved an unattended parked car moving and colliding with plaintiff's house. Defendant's car left the highway and went onto the sidewalk, injuring plaintiff who was on the sidewalk in *Brandes* v. *Rucker-Fuller Desk Co.*, 102 Cal.App. 221 [282 P. 1009], and *Smith* v. *Hollander*, 85 Cal.App. 535 [259 P. 958]. (See also *Ireland* v. *Marsden*, 108 Cal.App. 632 [291 P. 912]; *Brown* v. *Davis*, 84 Cal.App. 180 [257 P. 877].)

There cannot be any doubt therefore that the doctrine was applicable in the instant case and the inference of negligence is very strong. It should also be observed that the jury cannot disregard the inference of negligence arising from res ipsa loquitur and if there is no showing of lack of negligence, it must find for the plaintiff. (*Meyer* v. *Tobin*, 214 Cal. 135 [4 P.2d 542]; *Dierman* v. *Providence Hospital*, 31 Cal.2d 290 [188 P.2d 12]; *Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682 [268 P.2d 1041]; *Talbert* v. *Ostergaard*, 129 Cal.App.2d 222 [276 P.2d 880]; *Hardin* v. *San Jose City Lines, Inc.*, 41 Cal.2d 432 [260 P.2d 63]; *Williams* v. *City of Long Beach*, 42 Cal.2d 716 [268 P.2d 1061]; *Ward* v. *Silveria*, 102 Cal. App.2d 114 [226 P.2d 732].) Such showing *must eliminate any possibility of negligence on the part of the defendant*; if it fails to do so a verdict for defendant must be reversed. (*Dierman* v. *Providence Hospital, supra*, 31 Cal.2d 290; *Druzanich* v. *Criley, supra*, 19 Cal.2d 439; *Burr* v. *Sherwin Williams Co., supra*, 42 Cal.2d 682, and cases there cited; *Talbert* v. *Ostergaard, supra*, 129 Cal.App.2d 222; *James* v. *American Buslines*, 111 Cal.App.2d 273 [244 P.2d 503].) As said in *Dierman* v. *Providence Hospital, supra*, 31 Cal.2d 290, 295: "This is not to say that a defendant in a res ipsa loquitur case has the burden of proving himself free from negligence. . . . [But] [t]he general principle is, as stated by this court in 1919 (in denying a hearing in *Bourguignon* v. *Peninsular Ry. Co.*, 40 Cal.App. 689, 694-695 [181 P. 669]) 'that where the accident is of such a character that it speaks for itself, as it did in this case, . . . the *defendant will not be held blameless* except upon a showing either (1) of a satisfactory explanation of the accident, that is, *an affirmative showing of a definite cause for the accident, in which cause no element of negligence* on the part of the defendant inheres, or (2) of *such*

*care in all possible respects as necessarily to lead to the conclusion that the accident could not have happened from want of care,* but must have been due to some unpreventable cause, although the exact cause is unknown.'' (Emphasis added.) And in *James* v. *American Buslines, supra,* 111 Cal.App.2d 273, 276: ''Where an accident is of such a character that the doctrine of res ipsa loquitur applies, *defendant cannot escape responsibility* except upon a showing either (a) of a satisfactory explanation of the accident, that is, an affirmative showing of a definite cause for the accident in which cause *no element of negligence* on the part of the defendant inheres, or (b) of such care *in all possible respects as necessarily to lead to the conclusion that the accident could not have happened from want of care,* but must have been due to some unpreventable cause although the exact cause is unknown.'' (Emphasis added.)

In the instant case defendant did not eliminate all elements of negligence on his part in rebutting the res ipsa loquitur inference of negligence. The majority opinion discusses this matter from the standpoint of whether defendant showed that he did not have exclusive control of his car (an element of the res ipsa loquitur doctrine) but the *real issue* is whether he has rebutted the inference of negligence because *at the time* the defendant's negligence would have occurred, when he was approaching and crossing the intersection, he was, without dispute, in full control of his car.* As I have said, defendant did not show due care in all respects at that time. He said he was traveling only 20 miles per hour west on Third Street when he approached the intersection with Arizona Street and he saw an automobile traveling north on Arizona 50 feet south of the intersection when he was 20 feet east of the intersection; that he did not see defendant's car again until it was 8 to 10 feet from him and he was in the intersection and it was traveling at 50 miles per hour. Obviously through lack of attention or deliberately, he drove into the path of a vehicle traveling 50 miles an hour when he had ample time to stop. At that speed he must have known that the car could not stop at the intersection, yet he proceeded across the intersection and into its path. He thus has not, as a matter of law, eliminated all negligence on his part and

---

*The exclusive control in res ipsa loquitur is at the time of the negligence rather than at the time of the injury. (*Gordon* v. *Aztec Brewing Co.,* 33 Cal.2d 514 [203 P.2d 522]; *Escola* v. *Coca-Cola Bottling Co.,* 24 Cal.2d 453 [150 P.2d 436].)

shown the exercise of due care in every respect. It must be remembered that we are not considering the liability as between the other car and defendant but between defendant and plaintiffs who had nothing whatsoever to do with the accident. Certainly, the evidence shows some negligence on defendant's part rather than a total absence thereof. Moreover, even if we speak of control by defendant at the time of the collision with plaintiffs' house, the most defendant testified to was that he "must" have put his foot on the accelerator after the impact, that was merely his deduction from the facts, not evidence as to them. I would hold therefore that defendant failed as a matter of law to rebut the inference of his negligence and the judgment must be reversed, but there is more.

At least we have a case where defendant's negligence has been established both by reason of the doctrine of res ipsa loquitur *and defendant's own testimony.* In such case it cannot be doubted that the instruction given was error and prejudicial to plaintiffs.* It is true that plaintiffs did not request a res ipsa loquitur instruction but the jury is entitled to draw the inference even though not so instructed. (*Rogers v. Los Angeles Transit Lines,* 45 Cal.2d 414 [289 P.2d 226], and cases cited.) The instruction given, *supra,* flies squarely in the teeth of the res ipsa loquitur doctrine. The very essence of that doctrine, where applicable, is that the happening of the accident does give rise to an inference of negligence; the instruction says it does not. It is fallacious to reason that plaintiffs did not show the applicability of the doctrine for, as seen, it was clearly applicable, and even though, as shown by defendant's testimony, he lost control of his car when he collided with plaintiffs' house, he unquestionably *had control at the legally important time* when he entered and crossed the intersection—when his negligence occurred (see authorities cited *supra*). It has been held that the instruction here given is *inconsistent* with one on res ipsa loquitur, and ground for granting a new trial. (*Brown* v. *George Pepperdine Foundation,* 23 Cal.2d 256 [143 P.2d 929] ; *England* v. *Hospital of Good Samaritan,* 22 Cal.App.2d 226 [70 P.2d 692] ; see *Kahn* v. *Triest-Rosenberg Cap Co.,* 139 Cal. 340 [73 P. 164].) Indeed, it is held that it tells the jury the doctrine does

---

*The instruction given reads: "The mere fact that an accident happened, considered alone, *does not* give rise to *legal inference* that it was caused by negligence or that *any party* to this accident *was negligent.*" (Emphasis added.)

not apply. (*Connor* v. *Atchison etc. Ry. Co.*, 189 Cal. 1 [207 P. 378, 22 A.L.R. 1462].) This court said in *Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 261 [143 P.2d 929] : "The court, at the request of appellant, instructed the jury . . . that 'The mere fact that an accident happened, considered alone, does not support an inference that some party or any party to this action was negligent.' . . . Under appellant's theory of how the accident occurred the instruction is not erroneous when considered with certain other instructions. It may have *confused* the jury, however, in view of instruction No. 30 which states that 'The inference of the negligence which you may draw in this case *from the fact of the happening of the accident itself* shifts the burden to the defendants of explaining the manner in which the accident happened. . . .' (Italics added.) *These two instructions contain inconsistent ideas and the jury may have been confused thereby.*" (Emphasis added.) The cases relied upon by the majority are either distinguishable or plainly wrong and contrary to the Pepperdine and England cases. In *Middleton* v. *Post Transp. Co.*, 106 Cal.App.2d 703 [235 P.2d 855], the court cites no authority except a Missouri case for its holding. It does not refer to the Pepperdine and England cases. The reasoning in that case contained in the quotation therefrom that the instruction is a correct statement of the law because the jury might find that certain elements of res ipsa loquitur were not present is of no help because they are told that this is not a case of res ipsa loquitur—there is no inference of negligence from the happening of the accident; they were told flatly in one breath that there was no such inference and in the next by the res ipsa loquitur instruction that there might be if certain other conditions were present such as exclusive control and defendant must be better able to explain the accident. The latter factor is not a necessary prerequisite to res ipsa loquitur (*Burr* v. *Sherwin Williams Co., supra*, 42 Cal.2d 682; *Scneris* v. *Haas*, 45 Cal.2d 811 [291 P.2d 915]), and the argument in the majority opinion that this case is different because two cars driven independently were involved, is not pertinent (see *Godfrey* v. *Brown, supra*, 220 Cal. 57). This case is more like those in which "because of the nature of the particular accident, an inference of negligence . . . may be (is) so strong that no reasonable man could fail to accept it. . . ." (*Burr* v. *Sherwin Williams Co., supra*, 42 Cal.2d 682, 689.) In *Silva* v. *Pacific Greyhound Lines*, 119 Cal.App.2d 284 [259 P.2d 743], two vehicles were in-

volved and the instruction in question was held not prejudicial because it was closely "tied into the instruction which relates to the negligence of the operator of another vehicle." Here we have no such tying in with the car with which defendant said he collided; the driver of the other car was not a party and the instruction says there is no inference of negligence as to a *party* to *this* accident. The instruction in *Bazzoli* v. *Nance's Sanitarium, Inc.*, 109 Cal.App.2d 232 [240 P.2d 672], was not the same as the one here given. In *Seedborg* v. *Lakewood Gardens etc. Assn.*, 105 Cal.App.2d 449 [233 P.2d 943], the jury were in effect told that the instruction given in the instant case did not prevent the inference said to arise under the res ipsa loquitur doctrine.

The reasoning of the majority that, as when the instant instruction and those on res ipsa loquitur are both given, there is no prejudicial error, there can be none where only the instant one is given, is not tenable. That does not follow for where both are given the jury is at least told there is an inference although they are also advised to the contrary. But where they are told, as here, that there is *no* inference, there is nothing left for the jury to do except find no liability. Any jury would naturally infer that the driver of the car which crashed into a man's home was negligent but when they are specifically told, as they were here, that they could not so infer, there was nothing left for them to do except find for defendant. Unquestionably the instruction was erroneous and highly prejudicial. The jury was instructed that there could be no recovery unless it was proved that defendant was negligent and that there was no inference of negligence. Plaintiffs were given no opportunity to recover inasmuch as the nature of the accident was such that they could not prove negligent conduct on the part of defendant except by inference.

The majority holds that plaintiffs cannot rely on the theory of trespass because it was not urged in the trial court. Even assuming that defendant lost control of his car because of its collision with the other car, and, as a result it ran into plaintiffs' home, yet he would be liable for trespass if his negligence contributed to his loss of control (Rest., Torts, §§ 165, 166, 164, 158), and as we have seen, defendant was negligent as a matter of law. Plaintiffs' complaint and proof contained all of the elements of an action for negligent trespass; that theory was therefore presented in the case although no instructions were offered thereon. The jury was instructed

that plaintiffs could not recover unless defendant was negligent. Those instructions were not framed on the theory of trespass and were for that reason erroneous. The mere fact that the theory of trespass as such was not mentioned can make no difference.

I would reverse the judgment.