[Civ. No. 11250.   Second Appellate District, Division One.—July 15, 1937.]

MARY LOUISE SULLIVAN, Respondent, v. J. W. BARRA et al., Appellants.

Rollinson & Hess for Appellants.

Richard A. Dunnigan for Respondent.

YORK, J.—This is an appeal by J. W. Barra, Blanche Schmidt, as guardian of the person and estate of Rudolph Schmidt, Jr., a minor, and Vogue Fixture Company, a copartnership, from a judgment rendered against them in the sum of $25,000. The copartnership is composed of defendants J. W. Barra and Blanche Schmidt, as trustee for Rudolph Schmidt, Jr., a minor, and is engaged in renting lighting fixtures to moving picture studios and theaters.

It appears from the record before us that at 7:45 in the evening of January 30, 1936, the plaintiff, while attempting to cross West Adams Street from north to south at its intersection with Bronson Avenue in the city of Los Angeles, stopped at the curb on the northeast corner of said intersection and waited for traffic to clear; that an automobile traveling west on West Adams Street stopped at a point five feet easterly of the place where plaintiff was standing and the driver thereof signaled her to proceed in a southerly direction across West Adams Street; that immediately thereafter another car drove up and stopped parallel with the first-mentioned car, whereupon plaintiff proceeded to pass in front of the two standing automobiles. Immediately to the rear of these two cars defendant Arthur F. Barra, an employee of the Vogue Fixture Company, was driving a Ford panel delivery truck in a westerly direction on West Adams Street at a speed of approximately 23 miles per hour; and as he approached the said intersection, said Arthur F. Barra swung his truck to the left into the electric car tracks which traverse West Adams Street at this point, and struck the plaintiff, who by that time had reached the center of the intersection, thereby inflicting upon her injuries of a serious and permanent nature.

Appellants contend that the verdict cannot be sustained upon the theory of agency or *respondeat superior* by reason of the fact that the evidence is insufficient to sustain the finding that defendant Arthur F. Barra, the driver and operator of the truck at the time of the accident, was acting as agent of and within the scope of his employment by the Vogue Fixture Company. In support of this contention appellants maintain that the evidence clearly shows that said Barra at

the time of the collision and for a long time prior thereto, was the individual owner of the Ford truck and, at the time of the accident, "was on a mission of his own, which was a purely personal one."

It was admitted by appellants that defendant Arthur F. Barra was employed by the Vogue Fixture Company in the capacity of receiving clerk and repair man at a wage of $35 per week, and Barra himself testified that he occasionally delivered and hung fixtures for the said copartnership; further, that in making such deliveries he used the Ford truck here involved, which bore the name "Vogue Fixture Company" painted on its side panels. The evidence as to the ownership of the truck was conflicting, although it was established that the truck was registered in the name of Arthur F. Barra at the time here in question.

In denying their liability, appellants introduced evidence in an effort to show that Arthur F. Barra was acting purely in pursuit of his own personal business at the time of the collision. Respondent, on the other hand, presented evidence to the effect that defendant Arthur F. Barra made a statement immediately following the accident in the presence of respondent as she was lying prostrate in the street. Lee Connely, an eye-witness to the collision, testified that Barra ran over to him and said: "I didn't see her until I hit her; the lights from a car blinded me. I was in a hurry to get to the studios to make a delivery and I did not know even she was in the street until after I hit her." H. M. Pembroke, who was making some purchases in a market across the street from the scene of the accident, testified that he heard the squeaking of brakes and saw respondent's body lying in the car tracks; that he left his purchases and ran into the street where respondent was lying; that Mr. Connely was there and that defendant Barra came running over and asked who the lady was. "Then Mr. Barra said that he was blinded by the lights of the car that was coming east and he did not see her until he hit Miss Sullivan and that he was making a delivery to Fox Studio for the Vogue Fixture Company, was driving their car. I later went over and saw the car and saw the Vogue Fixture Company name." This statement of defendant Arthur F. Barra, the operator of the truck, which was made immediately after the accident, was offered as part of the *res gestae* without objection on the part of ap-

pellants. The court found, *upon conflicting evidence,* that defendant "Arthur F. Barra while acting within the scope of his employment, and as the servant and agent of the above named defendants, so negligently, recklessly, carelessly and unlawfully, drove and operated a certain Ford automobile truck, said truck being the property of the above named defendants, in a westerly direction on Adams, where the same intersects with Bronson, said streets being public highways in the City and County of Los Angeles, State of California, that said automobile truck, so driven by defendant as aforesaid, was caused to, and did, strike, with great force and violence, the body and person of plaintiff; that by reason thereof, the plaintiff was greatly and permanently injured in her general strength, health and activity."

In the circumstances, which involve a substantial conflict in the evidence, we cannot disturb the finding of the trial court that defendant Barra was acting as agent of and within the scope of his employment at the time of the accident. Neither do we feel that we should disturb the finding that the negligence of defendant Arthur F. Barra was the proximate cause of the accident, and that the respondent was without negligence. "The trial court is the exclusive judge of all questions of credibility of witnesses and weight of evidence, and, on appeal, must be assumed to have considered all the evidence in the light of such rules as are laid down by the law for the guidance of court and jury in the determination of questions of fact." (10 Cal. Jur. 1167.)

Appellants urge the point that the court erred in directing a personal judgment against Blanche Schmidt. Nowhere in the record do we find that a personal judgment was so directed or entered. Mrs. Schmidt was not sued individually, but as trustee and guardian for Rudolph Schmidt, Jr., a minor, to whom had been distributed the one-half interest owned by Rudolph Schmidt (deceased) in the copartnership known as Vogue Fixture Company. The conclusions of law state that plaintiff is entitled to judgment against Arthur F. Barra, J. W. Barra and "Blanche Schmidt, as Trustee and Guardian of the person and estate of Rudolph Schmidt, Jr., co-partners, doing business under the fictitious firm name and style of Vogue Fixture Company." There also appears in the record a minute order as follows: "The Judgment for the plaintiff should run against Vogue Fixture

Company, a co-partnership, as well as against J. W. Barra and Arthur F. Barra individually, and also against Blanche Schmidt, as guardian of the person and estate of Rudolph Schmidt, Jr., and also against Blanche Schmidt as trustee for Rudolph Schmidt, Jr.'' There is nothing to indicate that Mrs. Schmidt was sued individually or that the judgment ran against her individually. Neither did she appeal from the judgment in her individual capacity.

As a further point, appellants maintain that the trial court was guilty of misconduct in the trial of this action and base this contention upon an affidavit of one of the attorneys for the copartnership, which affidavit states that on the first day of the trial, May 26, 1936, when the plaintiff was brought into the courtroom on a stretcher, the trial court left the bench and engaged plaintiff in conversation; that while plaintiff was testifying the trial judge used a sound amplifier or other apparatus, but did not use such amplifier or apparatus during the time witnesses for appellants were testifying; that during the noon hour on that day the trial judge again engaged plaintiff in conversation in the presence of two witnesses and two defendants. It is not shown by the affidavit, or otherwise, that the trial judge discussed the case then before him with the plaintiff; that he was unable to hear the evidence without the use of the sound amplifier or other apparatus, or that he did not hear all of the evidence. In such circumstances, we cannot say that the acts complained of indicate any prejudice on the part of the trial judge against the appellants. It should be noted that no objection was made or exception taken during the trial to this so-called misconduct, and we feel that appellants are not justified in making this complaint for the first time upon appeal to this court, especially in view of the fact that this matter was not specifically raised in appellants' motion for new trial.

We find no merit in appellants' final point that the court erred in overruling their motion for a new trial.

The judgment appealed from is affirmed.

Houser, P. J., and Doran, J., concurred.