[Civ. No. 18421. First Dist., Div. Two. May 18, 1960.]

ANGELINA TALLERICO, Respondent, v. LABOR TEMPLE
ASSOCIATION (a Corporation), Appellant.

16

Campbell, Custer, Warburton & Britton and George A. Strong for Appellant.

Boccardo, Blum, Lull, Niland & Teerlink, Edward J. Niland and Robert E. Hayes for Respondent.

GOOD, J. pro tem.*—In this action plaintiff recovered a judgment of $4,500 for damages allegedly incurred shortly after midnight when a chandelier fell and struck her while she was attending a New Year's Eve party in the Boothe Room of defendant's building that had been rented for the occasion by the Lawrence Massachusetts Club of San Jose, Inc., hereinafter referred to as the Club. Because the case concerns the applicability of res ipsa loquitur a detailed statement of facts is necessary to intelligibility of decision.

The plaintiff and her husband, though not members of the Club, attended the party with friends who had purchased tickets from a Club member. The room had four chandeliers, each consisting of a rigid shaft at the bottom of which a glass reflector was suspended some nine feet above the floor. Near the top of the shaft was a ball joint permitting movement in a 10 to 15 degree arc in all directions. Above the ball joint was a coupling into which the shaft was screwed. The coupling, in turn, screwed over the fixture stud of an outlet box. Surrounding the shaft above the ball joint was a metal

---

*Assigned by Chairman of Judicial Council.

plate that fitted against the ceiling, thereby concealing the outlet box. The plate was secured by a lock-nut.

The Club's committee decorated the hall on the 30th. The principal decoration was a balloon drop. It consisted of a paper canopy suspended from the chandeliers by string over which its edges had been folded and taped. It was designed so that a lateral pull on another string surrounding its center would rip it apart, freeing balloons and confetti at the appropriate time. There is some evidence that some of the 200 persons in attendance jumped up toward the canopy prior to its release. While the party was convivial, other than as stated herein, there is no substantial evidence of untoward behavior by the party-goers that might be a factor of causation.

At the time of the lease it was agreed that defendant's janitor should be on duty and the Club subsequently hired defendant's custodian also to assist in cleaning and locking the building after the party. Except to inform the decorations committee that it was not to use transparent tape on the walls, the janitor did not assist in or assume any responsibility for the decorating. He testified that the chandeliers had been inspected prior to the accident only when he had occasion to change light globes.

At midnight, the Club member who had designed and supervised the installation of the balloon drop pulled the release string. It worked. There was the usual scramble for balloons. Also, several people were pulling at the strips of paper left hanging from the strings still fastened to the chandeliers. Shortly thereafter the chandelier fell. There is conflicting evidence as to which part gave way but no dispute that it struck plaintiff. There is also evidence that the glass reflectors on at least two of the other chandeliers were partially dislodged but did not fall.

Detail as to design, construction and operation of the canopy and its release device was testified to by the above mentioned member together with his experience in similar installations on many other occasions. He returned on the morning after to assist in cleaning up and re-installed the chandelier. He testified that the metal plate and lock-nut were still in place; that he replaced the shaft by forcing it into the coupling and twisting it with pliers until he thought it had fallen into a groove; and, that upon testing it thereafter it appeared to be firmly in place. An electrician, employed by defendant, who thereafter inspected the chande-

lier testified that he discovered no evidence of breakage or damage anywhere on it.

Liability is predicated solely upon a claim of negligence leveled against a defendant property owner by plaintiff as an invitee in attendance at a public function. The Club was not made a defendant. Other than as lessor and lessee, there is no evidence of any connection between defendant and Club nor of sponsorship, participation in management or assumption of other responsibility for the party by defendant or any of its officers or employees, acting as such.

 The first of defendant's principal contentions is that the court erred in instructing the jury on res ipsa loquitur. It argues that it cannot be said that the conditions necessary to the application of the doctrine were present, especially that the condition of exclusive control is negated as a matter of law by the evidence; and, that in the circumstances disclosed by the record it cannot be said that it is more probable than not that the accident was caused by negligence in faulty maintenance or failure to inspect the chandelier by defendant as owner and lessor. Reliance is placed on *Trust* v. *Arden Farms Co.*, 50 Cal.2d 217 [324 P.2d 583]; *Barrera* v. *De La Torre*, 48 Cal.2d 166 [308 P.2d 724]; *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436 [247 P.2d 344]; *Danner* v. *Atkins*, 47 Cal.2d 327 [303 P.2d 724], and other comparatively recent cases. Granting that some transitions have occurred in the past 20 years by way of clarification of the three factual conditions necessary to effectuate application of the doctrine of res ipsa loquitur, the cases do not sustain defendant's contention.

 It is now well settled that the time aspect of "exclusive control," as that term is used in the second condition of the doctrine in its now standardized formulation, is not necessarily the time of the accident but the time when the inferred negligence must have occurred. (*Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453 [150 P.2d 436].) But where the instrumentality involved has left a defendant's control at the time of injury, a plaintiff who relies upon the doctrine has the burden of establishing that the condition of the instrument has not changed since it left defendant's control. (*Honea* v. *City Dairy, Inc.*, 22 Cal.2d 614 [140 P.2d 369].) However, as was said in Escola, *supra*, at page 458, ". . . the requirement is satisfied if there is evidence permitting a reasonable inference that it [the instrumentality] was not accessible to extraneous harmful forces and that it was carefully handled

by plaintiff or any third person who may have moved or touched it.'' In the Zentz case, *supra,* at page 433 it was held that ''plaintiff need not exclude all other persons who might possibly have been responsible, where the defendant's negligence appears to be the more probable explanation of the accident.'' In the instant case, the testimony concerning the installation of the balloon drop, its release device, the knowledge and experience of the Club member who designed and installed it, together with inferences arising from the weights and forces involved (paper, balloons, confetti and string operating as against a metal shaft) and the fact that later inspection of the instrumentality disclosed no damage, compels the conclusion that plaintiff had at least met her burden of proof in this regard. Granting that other testimony and inferences exist that could support a finding that negligence on the part of the Club or others in attendance at the party was the cause of the accident, the matter of ''exclusive control'' remains one of fact to be found by the jury under proper instruction. A conflict in the evidence addressed to the existence of any of the three factual conditions necessary to justify application of res ipsa loquitur does not preclude its application.

Neither *Barrera* v. *De La Torre, Danner* v. *Atkins* or *Trust* v. *Arden Farms Co.,* all above cited, is inconsistent with our holding herein. In the Trust case, there was a total lack of evidence negating maltreatment of the instrumentality (a milk bottle) after a defendant dairy had delivered it to a plaintiff housewife some three days before the accident. The court pointed out that not only plaintiff but her husband and three small children had access to the bottle at all times during that interval. In the instant case there is detailed evidence as to the handling of the instrumentality by the third party (Club) that would support a finding of due care and lack of negligence. The Danner case merely emphasizes the importance of the role of the finder of facts in determining whether or not, upon conflicting evidence, the three necessary conditions exist and, if so, whether or not the *res ipsa* inference prevails or is overcome. The Barrera case held that upon the evidence adduced at that trial it would have been error to have refused a *res ipsa* instruction had it been requested. There the defendant offered evidence to prove that a collision between his automobile and a hit-and-run driver, without fault on his part, threw his car completely out of control. The

court, at pages 169-170, rejected defendant's contention that *res ipsa* was inapplicable as a matter of law and said, "This argument assumes that the jury was required to find that the accident happened exactly as defendant testified. . . . [R]egardless of whether there was or was not a two-car collision in line with defendant's account, it could not be said as a matter of law that defendant thereby lost control of his automobile so as to render the doctrine inapplicable. Rather these were all matters for the jury to weigh in the light of the required conditions, and an appropriate instruction concerning the doctrine would have been proper." ▮▮▮ In the instant case in view of the evidence summarized above, if the jury rejected defendant's theory that negligence on the part of the Club or of the party-goers was not a proximate cause of the accident then the doctrine of res ipsa loquitur was applicable to defendant. The plaintiff was therefore entitled to instructions properly stating the rule.

▮▮▮ The second of defendant's contentions is that the instruction given to the jury erroneously withdrew the question of whether or not the required conditions existed. The instruction was drawn virtually verbatim from BAJI 206-B (4th edition), volume 2, page 639. Appellant argues that the language, "*From the happening of the accident involved in this case as established by the evidence*, an inference arises that the proximate cause of the occurrence was some negligent conduct on the part of the defendant," directed the jury that the inference supplied by *res ipsa* was established as a matter of law. Appellant's point is well taken.

In this case the evidence was subject to different and conflicting conclusions. It was for the jury to determine whether the condition of exclusive control, within the meaning of that term as explained in the cases cited above, did or did not exist along with the corollary fact of absence of mishandling of the chandelier by the Club or party-goers in the installation or operation of the balloon drop. In *Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682 [268 P.2d 1041] (crop damage claimed against manufacturer of insecticide spray) it was held to be error to instruct on the doctrine in cases where the instrumentality suspect of negligence is in a third party's possession without also instructing that before drawing the inference supplied by res ipsa loquitur the jury must find from the evidence that the instrumentality was not mishandled or its condition otherwise changed after relinquishment of control by defendant.

The editors of BAJI have amplified their cautionary directions for the proper use of the *res ipsa* series. The offending instruction has been completely revised to constitute a mere introduction in limited cases to the text of their instruction No. 206. The former 206-B as used in this case was held in *Kite* v. *Coastal Oil Co.*, 162 Cal.App.2d 336 [328 P.2d 45] to be erroneous whenever there is an issue of fact as to existence of any of the conditions required by the doctrine. The language of that decision completely answers respondent's contentions in this connection. The error was not cured by the educational and explanatory instruction found in BAJI 206-C. The cases, *Bischoff* v. *Newby's Tire Service*, 166 Cal.App.2d 563 [333 P.2d 44] and *Druzanich* v. *Criley*, 19 Cal.2d 439 [122 P.2d 53], do not sustain plaintiff's position that the error was cured by 206-B. In *Bischoff*, it was ''clear that the accident was caused by an instrumentality within the exclusive control of the defendant'' (p. 568). Further the subject of review was not the instruction given but the court's refusal to instruct on *res ipsa*. In *Druzanich*, the form of instruction was not an issue on appeal and the case turned upon an absence of evidence to rebut the inference supported by the doctrine. In this case rebutting evidence did exist for the jury's consideration.

Respondent's contention that a verdict favoring her was required as a matter of law is patently without merit. On the other hand, appellant's argument that the jury could have found the room was rented for a private rather than a public purpose may be correct. But the finding was not required as a matter of law. If the jury did find that the rental was for a private purpose then *Allen* v. *Paradise Grange No. 490, Inc.*, 159 Cal.App.2d 247 [323 P.2d 468] would seem to preclude recovery. However, no exception is taken to any instruction concerning this phase of the case and the implied finding of public purpose is supported by evidence that plaintiff bought her ticket from a nonmember and, also, the fact that the Club's purpose included participation in ''civic affairs'' and ''service work'' in San Jose. The evidence is nebulous and neither party pursued the subject with real interest. Whether it was a public or private function must ultimately depend upon the finding of the jury upon the evidence produced at the retrial of the cause. In connection with retrial, attention of the trial court is directed to the disapproval of the indiscriminate use of the unavoidable accident instruction contained in *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500, 65 A.L.R.2d

1]. For the reasons therein stated, that instruction in the context of the facts of this case was clearly erroneous.

The judgment is reversed and the cause remanded for new trial.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied June 17, 1960, and respondent's petition for a hearing by the Supreme Court was denied July 12, 1960.