[Civ. No. 24423. Second Dist., Div. One. Sept. 6, 1960.]

MARGARET HARRISON, Appellant, v. TRUDY B. WILLIAMS et al., Defendants; GERTRUDE E. NICHOLAS, Respondent.

Wiener & Wiener and Herb Wiener for Appellant.

Spray, Gould & Bowers for Respondent.

FOURT, Acting P. J.—This is an appeal from a judgment in favor of defendant, respondent Gertrude E. Nicholas, arising out of an automobile accident.

In the first instance Margaret Harrison and Charles E. Daugherty filed a complaint against Trudy B. Williams and Gertrude E. Nicholas. We are not here concerned with the outcome of the action, excepting as between Margaret Harrison and Gertrude E. Nicholas.

A résumé of some of the facts is as follows:

Mrs. Trudy Williams was the owner of a 1957 Chevrolet station wagon automobile. At about 8:45 a.m. December 11, 1957, Mrs. Williams drove the Chevrolet with her mother, Mrs. Gertrude E. Nicholas, as a passenger to a parking lot of the Valley Plaza Shopping Center near Laurel Canyon Boulevard and Victory Boulevard in Los Angeles County. The purpose of the trip was to deliver Mrs. Williams to her place of employment and Mrs. Nicholas was then to drive the automobile back to her home. The brakes on the Chevrolet and the car itself were in good mechanical condition. Mrs. Nicholas testified that the Chevrolet was parked by Mrs. Williams in a generally eastward direction at a designated place next to an

empty parking space. There were no vehicles immediately in front of the Chevrolet. The morning was cold, the windows of the car were rolled up and the heater was turned on. The engine was not turned off. Mrs. Nicholas saw Mrs. Williams pull the emergency brake on when she parked the car. The gears were put into neutral position. The driver of the car, Mrs. Williams, remained behind the steering wheel and the two ladies talked for a few minutes. While so seated Mrs. Nicholas saw the appellant, Margaret Harrison and a boy (her son) approaching from the left. The appellant and her boy were busily engaged in conversation with each other.

Mrs. Nicholas was of the mind to let the appellant and her son pass from in front of the automobile before getting over into the driver's seat. Mrs. Nicholas did not touch any part of the operational mechanism. When the appellant and the boy arrived at a point which was a short distance from the car, the daughter, Mrs. Williams, got out of the car. Mrs. Williams touched no part of the operational mechanism in getting out of the car. She closed the door by slamming it. After this Mrs. Williams put her hand on the door handle and the car started to move forward. Mrs. Nicholas, during the events just mentioned, remained seated in the passenger's seat. When the car started to move forward the pedestrians were by the right front of the car. The boy could have reached out and touched the car. His mother was on the other side of the boy, away from the car. The boy jumped out of the way of the car but the appellant was hit by the car and thrown to the ground. She got up with the help of her son and started to run toward one of the stores but in doing so fell down. After the appellant was struck by the automobile and after she first regained her feet, Mrs. Nicholas succeeded in sliding over into the driver's compartment of the car. Mrs. Nicholas tried to turn the car to avoid running over the appellant and headed it toward the curb. She attempted to apply her foot to the brake to stop the forward motion of the car but when impact was made with the curb her foot slipped to the accelerator. The car went over the curb and she then turned off the ignition.

Mrs. Nicholas made a statement to the police shortly after the accident and another on December 12th, the day following the accident. Both statements were in general conformity with her testimony.

The action, insofar as Mrs. Williams was concerned, was disposed of before the trial by the appellant's giving a cove-

nant not to sue in favor of the daughter (Mrs. Williams) for the sum of $10,000.

The action proceeded to trial against Mrs. Nicholas before the court without a jury and judgment went in favor of Mrs. Nicholas and against the appellant.

Appellant now contends in effect that the application of the doctrine of res ipsa loquitur may enable the appellant to prevail without proving negligence on the part of the respondent; that the doctrine of res ipsa loquitur applied in this particular case and that the control referred to in the doctrine does not mean actual control but merely the right to control.

The evidence in his case was, as might be suspected, very conflicting. The trial judge presumably took into account all of the factors which a judge is required to consider and the legal principles applying to the evidence, and determined the facts to be as heretofore briefly related. (*Caminetti* v. *Prudence Mutual Life Ins. Assn.*, 62 Cal.App.2d 945 [146 P.2d 15] ; *Sullivan* v. *Barra*, 22 Cal.App.2d 20 [70 P.2d 495].) The court found that appellant was a pedestrian on private property, that the car was not driven, operated, entrusted, managed or maintained by Mrs. Nicholas. From such finding it was concluded that Mrs. Nicholas was not guilty of any negligence in the operation or management of the automobile.

Appellant asserts that the judge did not apply the doctrine of res ipsa loquitur. There is no way of telling from the record whether he did or did not so apply the doctrine. The findings of fact, conclusions of law and the judgment do not on their face show that the judge did not apply the doctrine in arriving at his decision. Any number of possibilities confront us but there is nothing except pure speculation in support or rejection of any particular view in the matter. Suffice it to say that the evidence supports the findings, and the findings support the judgment. (See *Kalmus* v. *Cedars of Lebanon Hospital*, 132 Cal.App.2d 243 [281 P.2d 872] ; *Ward* v. *Silveria*, 102 Cal.App.2d 114 [226 P.2d 732] ; *Scribner* v. *Bertmann*, 129 Cal.App.2d 204 [276 P.2d 697] ; *Williams* v. *City of Long Beach*, 42 Cal.2d 716 [268 P.2d 1061] ; *Abney* v. *City & County of San Francisco*, 115 Cal.App.2d 506 [252 P.2d 654].)

The judge, under the circumstances, was not as a matter of law compelled to hold that Mrs. Nicholas had the control of the automobile before the impact with appellant. Even assuming that the judge did find that Mrs. Nicholas had control of the automobile before the impact, there was evi-

dence from which it could be inferred that her explanation was sufficient to explain how the accident had occurred and that viewing the evidence as a whole the appellant had not sustained the burden of proving that Mrs. Nicholas had been negligent.

The doctrine of res ipsa loquitur does not apply unless there is control. (See *Tallerico* v. *Labor Temple Assn.*, 181 Cal.App.2d 15 [4 Cal.Rptr. 880]; *Kite* v. *Coastal Oil Co.*, 162 Cal.App.2d 336, 344 [328 P.2d 45].) The question of control is a question of fact excepting in cases where the evidence is uncontradicted and plain and would not permit of varying inferences. (*Gerber* v. *Faber*, 54 Cal.App.2d 674 [129 P.2d 485].)

We do not believe that under the circumstances of this case any so-called right to control as distinguished from actual control is of any assistance to the appellant. The cases cited by appellant are not pertinent to the question here. See also California Jury Instructions Civil, volume 2, page 269, where the statement is made "But a bare right of control is no foundation for the doctrine."

For the reasons herein stated the judgment is affirmed.

Lillie, J., and Scott (Robert H.), J. pro tem.,* concurred.

A petition for a rehearing was denied September 27, 1960, and appellant's petition for a hearing by the Supreme Court was denied October 26, 1960.

---

*Assigned by Chairman of Judicial Council.